# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAPST LICENSING GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-415-*** |
| | ) | |
| OLYMPUS CORPORATION; OLYMPUS | ) | |
| IMAGING AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' <u>MOTION TO TRANSFER THIS ACTION TO THE DISTRICT OF COLUMBIA</u>

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel : (2) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants Olympus Corporation
and Olympus Imaging America, Inc.*

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600

Dated: August 1, 2007

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ....................................................................1

II.   FACTUAL BACKGROUND.....................................................................2

III.  THE COURT HAS THE AUTHORITY TO TRANSFER THIS ACTION
      TO THE DISTRICT OF COLUMBIA WHILE PAPST 'S § 1407
      MOTION IS PENDING ..........................................................................5

IV.   THE INTERESTS OF JUSTICE AND THE CONVENIENCE OF THE
      PARTIES AND WITNESSES SUPPORT TRANSFER OF THIS CASE
      TO THE DISTRICT OF COLUMBIA ..........................................................6

      A.    Papst's Selection Of This Forum Should Be Given No Deference .............7

      B.    This Case Could And Should Have Been Brought In The District of
            Columbia....................................................................................8

      C.    Transferring The Action To The District of Columbia Will Advance
            The Interests of Justice And Protect The Parties And Witnesses
            Against Unnecessary Inconvenience And Expense ....................................9

            1.    The Practical Considerations For Making the Trial Easy,
                  Expeditious, or Inexpensive Strongly Favor a Transfer ..................10

            2.    The Trial Judge's Familiarity With The Law And Issues Also
                  Favors Transfer To The District of Columbia ..................................12

            3.    The Convenience of the Parties Weighs in Favor of Transfer..........12

            4.    The Convenience to the Witnesses Weighs in Favor of
                  Transfer......................................................................................14

            5.    Other Relevant Factors, Including Any Local Interest in
                  Deciding This Dispute, Where Papst's Alleged Claims Arose,
                  And The Location of Documents and Other Records, Support
                  A Transfer ..................................................................................15

V.    CONCLUSION....................................................................................17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. Key Tronic Corporation,*
  1997 WL 1864 (S.D.N.Y.)................................................................................ 6

*Affymetrix, Inc. v. Synteni, Inc.,*
  28 F. Supp. 2d 192 (D. Del. 1998)............................................................. 10, 14

*Alloc, Inc. v. Unilin Decor N.V.,*
  2006 WL 3050815 (D. Del. 2006).................................................... 12, 13, 15, 16

*APV North America, Inc. v. Sig Simonazzi North America,*
  295 F. Supp. 2d 393 (D. Del. 2002)................................................................ 13

*Avaya, Inc. v. Mitel Networks Corp.,*
  460 F. Supp. 2d 690 (E.D. Va. 2006) ............................................................... 5

*Aventis Pharma S.A. v. Sandoz, Inc.,*
  2007 WL 1101228 (D.N.J. 2007) ................................................................... 12

*Brunswick Corp. v. Precor Inc.,*
  2000 WL 1876477 (D. Del. 2000)........................................................ 10, 12, 13

*Evans v. Merck & Co., Inc.,*
  2002 WL 89622 (E.D. Pa. 2002) ................................................................... 10

*Illinois Municipal Retirement Fund v. Citigroup, Inc.,*
  391 F. 2d 844 (7th Cir. 2004) ......................................................................... 5

*In re Consolidated Fen-Phen Cases,*
  2003 WL 22682440 (E.D.N.Y. 2003)................................................................ 5

*Infocrossing v. Sandata Technologies, Inc.,*
  2006 WL 2465455 (D.N.J. 2006) ..................................................................... 6

*Jumara v. State Farm Ins. Co.,*
  55 F. 3d 873 (3d Cir. 1995)......................................................................... 6, 9

*Kaiser Indus. Corp. v. Wheeling-Pittsburgh Steel Corp.,*
  328 F. Supp. 365 (D. Del. 1971)...................................................................... 5

*Kondrath v. Arum,*
  881 F. Supp. 925 (D. Del. 1995)...................................................................... 9

*Lagor v. Eli Lilly and Co.,*
2007 WL 17448888 (D.D.C. 2007) ................................................................................ 7, 8, 12

*Magee v. Essex-Tex Corp.,*
704 F. Supp. 543 (D. Del. 1988) ................................................................................... 13

*National Patent Devlp. Corp. v. T.J. Smith & Nephew, Ltd.,*
877 F. 2d 1003 (D.D.C. 1989) ........................................................................................ 2

*National Property Investors VIII v. SWhell Oil Co.,*
915 F. Supp. 324 (D. N.J. 1995) .................................................................................. 10

*Norwood v. Kirkpatrick,*
349 U.S. 29, 32 (1955) .................................................................................................. 10

*Omnicom Group Inc. v. Employers Reinsurance Corp.,*
2002 WL 109346 (D. Del. 2002) .................................................................................. 14

*Pall Corp. v. Bentley Labs, Inc.,*
523 F. Supp. 450 (D. Del. 1981) .................................................................................. 13

*Tracy v. Consolidated Rail Corp.,*
723 F. Supp. 1051 (D. Del. 1989) ........................................................................... 14, 15

*V.E. Holding Corp. v. Johnson Gas Appliance Co.,*
917 F. 2d 1574 (Fed. Cir. 1990) .................................................................................... 9

*Van Dusen v. Barrack,*
376 U.S. 612 (1964) ....................................................................................................... 6

*Weber v. Basic Comfort Inc.,*
155 F. Supp. 2d 283 (E.D. Pa. 2001) ............................................................................ 6

*Zelenkofske Axelrod Consulting L.L.C. v. Stevenson,*
1999 WL 592399 (E.D. Pa. 1999) ............................................................................... 12

## STATUTE AND RULES

28 U.S.C. § 1400 ............................................................................................................. 9

28 U.S.C. § 1404(a) ................................................................................................. *passim*

28 U.S.C. § 1407 .................................................................................................... 4, 5, 7

28 U.S.C. § 636(b)(1)(A) ............................................................................................... 5

35 U.S.C. § 1404 ............................................................................................................ 7

35 U.S.C. § 293 ......................................................................................................... 2, 3

Fed. R. Civ. P. 42(a) .................................................................................................... 10

Fed. R. Civ. P. 72(a) ..................................................................................................... 5

J.P.M.L. Rule 1.5 .......................................................................................................... 5

D. Del. L.R. 72(a) ......................................................................................................... 5

D. Del. L.R. 72.1(a)(2) ................................................................................................. 5

D. Del. L.R. 72.1(a)(3) ................................................................................................. 5

## I.    PRELIMINARY STATEMENT

Papst Licensing GmbH & Co. KG ("Papst") brought this lawsuit in Delaware against Olympus Corp. and its subsidiary, Olympus Imaging America, Inc. (collectively "Olympus") for an improper purpose – *i.e.*, to help create the inaccurate impression that litigation relating to its patents was a national dispute being fought in multiple courts throughout the country, which required a multi-district litigation ("MDL") in a central location to resolve.  Nothing could have been further from the truth.  As of June 15, 2007, there was a single lawsuit about the Papst patents – in Washington D.C. – but Papst had been sanctioned by that court, was facing further sanctions, and wanted to get out.  At that point, Papst promptly filed multiple infringement actions relating to its patents in Chicago (where its counsel resides), in Delaware (this case), and far away in Los Angeles.  The file stamps on its complaints were barely dry when, days later, Papst announced that it did not want to litigate in Delaware, Los Angeles, or Washington D.C. – Papst moved for multi-district litigation in a single court and argued that because the lawsuits it had just filed were spread out across the country, the MDL case should be heard in a central location (Chicago), which just so happens to be where its lawyer resides.

The facts make it clear that Papst never intended to litigate this case in Delaware – Papst simply wanted to use this case and this Court to support its argument that the patent litigation should all be moved to Chicago.  Such tactics are improper, and as a result, Papst's selection of this jurisdiction should not be accorded any weight.  In contrast, there are strong reasons of judicial economy supporting a transfer of this case to Washington D.C., where the two Papst patents-in-suit have been litigated since October 16, 2006.

Indeed, Delaware has no meaningful relationship to this litigation, a fact with which even Papst impliedly agrees by its MDL motion. *Ben-Meir Decl., Exh. O.* [1]  On the other hand, the District of Columbia has strong interests in resolving this dispute.  A transfer to D.C. will

---

[1] *"Ben-Meir Decl., Exh.___"* denotes exhibits to the Declaration of David Ben-Meir in Support of Defendants' Motion To Transfer This Action To The District Court For The District of Columbia, filed concurrently herewith.

facilitate Papst's goal stated in its MDL motion of consolidating this case with the other cases that are pending there, enabling the parties to conserve litigation costs and promoting judicial economy.  Furthermore, a transfer to the District of Columbia will foster not just consolidation for discovery but also a consolidated trial, at least for issues that are common to the accused digital camera manufacturers, including issues relating to the claim construction, invalidity and unenforceability of the patents-in-suit.

Ultimately, this lawsuit is but one piece of an unabashed forum-shopping scheme that this Court should reject in the most effective way it can – by transferring this case to the venue in which it should have been brought, the District of Columbia.

## II.     FACTUAL BACKGROUND

Olympus Corporation is a Japanese company with its principal place of business in Tokyo, Japan.  *Cacace Decl.,* ¶ 2.[2]  It neither maintains offices nor has any registered agent for service of process in this District.  *Id.*  Its subsidiary's subsidiary, Olympus Imaging America, Inc., sells Olympus-brand digital cameras throughout North and Latin America, including the U.S.  *Id.,* ¶ 3.  Olympus Imaging is incorporated in Delaware, but has no offices or other facilities in the State  *Id.,* ¶ 4.

Papst is a German patent licensing company that claims to own the '399 and '449 patents. *Ben-Meir Decl., Exh. M,* ¶¶ 3, 7-9.  It does not manufacture or sell any products.  Its sole business is to acquire and attempt to license and enforce patent rights.  It does not maintain any place of business in the United States and has no connection to this District.

As a foreign holder of U.S. patents and having had no registered agent for service of process in this country, Papst has for many years been subject to personal jurisdiction in the District of Columbia for patent cases pursuant to 35 U.S.C. § 293.[3]  *See also National Patent*

---

[2] *"Cacace Decl., ¶ __"* denotes paragraphs in the Declaration of Josephine N. Cacace in Support of Defendants' Motion To Transfer This Action To The District Court For the District of Columbia, filed concurrently herewith.

[3] 35 U.S.C. § 293 ("Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within

*Dev. Corp. v. T.J. Smith & Nephew, Ltd.*, 877 F. 2d 1003, 1009-1010 (D.D.C. 1989); *Ben-Meir Decl., Exh. A.* Papst apparently had been content to be subject to jurisdiction there, because at any time it could have designated with the U.S. Patent and Trademark Office an agent for service of process elsewhere in the U.S. and potentially stripped the District of Columbia of such jurisdiction. As recently as last year, the District of Columbia was the site of Papst's victory against Minebea Co. Ltd. in the case *Minebea Co. Ltd., et al v. Papst Licensing, et al.*, 2:99-cv-3118 (D.D.C.), which Papst continues to tout on its website. *Id., Exh. B.*

With respect to the two patents at issue here, U.S. Patent No. 6,470,399 ("the '399 patent") and U.S. Patent No. 6,895,449 ("the '449 patent"), Papst has held the patents since about March 8, 2006, and since then, has openly and repeatedly been accusing companies of infringement, apparently unconcerned about subjecting itself to a declaratory judgment lawsuit in the District of Columbia for these patents. *Id., ¶ 2.* On October 16, 2006, in response to one such accusation, Casio filed a complaint against Papst in the District of Columbia seeking a declaratory judgment that the '399 and '449 patents are invalid and not infringed. *Id., Exh. C.* In its Answer to Casio's Complaint, Papst not only did not dispute the D.C. District Court's jurisdiction pursuant to 35 U.S.C. § 293, it also filed a counterclaim against Casio for infringement in the District of Columbia District Court and requested from the Court a declaration that the '399 and '449 patents are valid. *Id., Exhs. C and D.* In that case, *Casio, Inc. v. Papst Licensing*, 1:06-cv-01751-GK (D.D.C.), the Court entered a Scheduling Order and discovery proceeded for many months. *Id., Exh. E.*

However, on May 31, 2007, Magistrate Judge Robinson sanctioned Papst for failing to comply with certain discovery obligations and ruled that Papst had waived its objections to discovery responses. *Id., Exh. G, at 25-28.* Casio later filed motions for additional sanctions for discovery abuses by Papst. *Id., Exh. H, at 4-5.* Apparently unwilling to live with the

---

the United States on whom may be served process [and] if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction").

consequences of its own misconduct, Papst initiated a series of steps to move the litigation out of Washington, D.C.

First, on June 15, 2007, Papst filed suit against Fujifilm Corporation and Fujifilm U.S.A., Inc. (collectively, "Fujifilm") in the Northern District of Illinois for infringement of the '399 and '449 patents. *Id., Exh. I.* Then, on June 28, 2007, after Fujifilm had moved to dismiss Papst's Illinois action and initiated its own declaratory judgment action against Papst in the District of Columbia, Papst designated its Chicago-based lawyer as agent for service of process with the Patent and Trademark Office. *Id., Exh. J, K, and Q.* It did so in the hope of divesting the District Court for the District of Columbia of jurisdiction over it for any future declaratory judgment actions relating to the patents. *Id., Exhs. G, H, J, and K.* On July 6, 2007, Matsushita Electric Industrial Co., Ltd. ("MEI") and Victor Company of Japan, Ltd. ("JVC") filed their declaratory judgment action in the District of Columbia against Papst on the '399 and '449 patents. *Id., Exh. L.*

Next, on the same day that Papst designated its agent for service of process, Papst filed on opposite sides of the country two infringement suits relating to the '399 and '449 patents - this case against Olympus in this District, and a case against Samsung Techwin Co. and Samsung Opto-Electronics America, Inc. ("collectively "Samsung") in the Central District of California. *Id., Exhs. M and N.* With these additional lawsuits, Papst set up its argument that because there were cases (filed by Papst itself) across the country involving the same patents and types of products, that MDL proceedings were necessary, and ultimately, that Chicago, being "centrally located," would be best suited to handle them. *Id., Exh. O, at 11.*

Then, only eleven days later, on July 9, 2007, Papst confirmed that it never intended to litigate in Delaware (or California) at all. It presented its manufactured array of related cases to the MDL Panel to support a transfer, pursuant to 28 U.S.C. § 1407, of all of the proceedings, including this case, Samsung's case in California, and the Casio, MEI, JVC and Fujifilm cases in the District of Columbia, to the Northern District of Illinois, its lawyers' home forum. *Id.* Papst

then obtained a stay of the *Casio* case on July 17, 2007 pending the outcome its MDL motion. *Exh. F.*

### III.   THE COURT HAS THE AUTHORITY TO TRANSFER THIS ACTION TO THE DISTRICT OF COLUMBIA WHILE PAPST'S § 1407 MOTION IS PENDING

As a threshold matter, Papst's pending § 1407 motion for consolidation does not prevent this Court from considering and issuing an order to transfer this case to the District of Columbia. *See* J.P.M.L., Rule 1.5; *see also Kaiser Indus. Corp. v. Wheeling-Pittsburgh Steel Corp.*, 328 F. Supp. 365, 370 (D. Del. 1971) (stating that a pending § 1407 motion does not restrict the Court's power to order transfer under 28 U.S.C. § 1404(a)) (*citations omitted.*).

MDL Rule 1.5 provides that a pending motion for consolidation and transfer under § 1407 does not affect or suspend orders and pretrial proceedings in the district courts in which the actions are pending, and in no way limits the Courts' pretrial jurisdiction.  Thus, until the MDL panel issues an order that this case is transferred to a particular judicial district for consolidated MDL proceedings, this Court has the power to issue a transfer order under § 1404(a). *See Avaya, Inc. v. Mitel Networks Corp.*, 460 F. Supp. 2d 690 (E.D. Va. 2006) (granting plaintiff's § 1404(a) motion to transfer counterclaims, even though defendant's motion to consolidate under § 1407 was pending); *see also In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. 2003) (pending § 1407 motion did not preclude district court from deciding whether to remand case); *see also Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F. 3d 844 (7th Cir. 2004) (holding that district court did not abuse discretion in deciding issues of jurisdiction during period when § 1407 transfer had not gone into effect).  Accordingly, this Court may transfer this action to the District of Columbia based on considerations of the convenience of the parties and witnesses, and the interests of justice.[4]

---

[4] Under Local Rule 72.1(a)(2), Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), a magistrate judge can hear and determine any pretrial motion or other pretrial matter, other than those dispositive motions specified in Rule 72.1(a)(3)—*i.e.*, "motions for proposed injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, for review

**IV.    THE INTERESTS OF JUSTICE AND THE CONVENIENCE OF THE PARTIES AND WITNESSES SUPPORT TRANSFER OF THIS CASE TO THE DISTRICT OF COLUMBIA**

The Court should transfer this case to the District of Columbia pursuant to 28 U.S.C.

§ 1404(a) because a transfer will facilitate consolidation of this case with the related cases

pending there for discovery, pretrial activities and trial.  Such an outcome is in the interests of

justice and the convenience of the parties and witnesses.  Under 28 U.S.C. § 1404(a), a district

court may, in the interests of justice and for the convenience of parties and witnesses, transfer

any civil action to any other district or division where it might have been brought.  28 U.S.C.

§ 1404(a).  Transfer is especially appropriate where it will prevent waste of time, energy and

money and also protects litigants, witness and the public against unnecessary inconvenience and

expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *see also Weber v. Basic Comfort Inc.,*

155 F. Supp. 2d 283, 284 (E.D. Pa. 2001) ("The purpose of this section is 'to prevent the waste of

time, energy....') Thus, a party seeking a transfer need only show that:

> (1)    the case could have been properly brought in the proposed transferee forum, and
>
> (2)    that on balance, the litigation would more conveniently proceed and interests of justice would be better served by a transfer.

*See Jumara v. State Farm Ins. Co.,* 55 F. 3d 873, 879 (3d Cir. 1995).

---

of default judgments, and for review of prisoners' petitions challenging conditions of confinement."  A motion for transfer under § 1404(a) is a non-dispositive motion that may be heard and decided by a magistrate judge. *See Infocrossing v. Sandata Technologies, Inc.,* 2006 WL 2465455 (D.N.J. 2006) (finding transfer motion to be non-dispositive under N.J. Local Rules); *see also Adams v. Key Tronic Corporation,* 1997 WL 1864 (S.D.N.Y. 1997) ("A motion for transfer of venue under § 1404(a) is a non-dispositive motion because it can result only in the transfer of the case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction.").

This inquiry requires a multi-factor balancing test, which weighs not only the statutory criteria of the interests of justice and the convenience of the parties and witnesses, but certain private and public interests. *Id.* at 875, 879.

This case is particularly appropriate for transfer to the District of Columbia. Casio's case against Papst relating to the same patents and similar products has been under way for over nine months. *Ben-Meir Decl., Exh. C.* All the same issues relating to the scope and meaning of the patents, their validity or invalidity, and the relevant technology and prior art that would be litigated in this case will be litigated in that action, and many of the same witnesses will be testifying there. *Id., Exhs. C, D and M.* In addition, MEI and JVC have filed for declaratory judgment in the District of Columbia on the same patents, and Fujifilm has moved to transfer Papst's Illinois case against it to the District of Columbia for consolidation with Fujifilm's declaratory judgment action there and the other related cases. *Id., Exhs. I, J, L, and Q.* All of the cases in D.C. are before Judge Kessler. *Ben-Meir Decl., Exh. H, at 2-3.* By transferring this case to the District of Columbia, this Court will enable all the cases to be consolidated for discovery and a single trial on common issues. The ensuing benefits to promoting the convenience of the parties and witnesses and the interest of justice are indisputable, and may not be fully realized if the Court does not transfer this case there, even if all the cases proceed as an MDL.

A.    **Papst's Selection Of This Forum Should Be Given No Deference**

If Papst were truly championing the interests of efficiency and judicial economy, it would have originally filed its case against Olympus, as well as Samsung, in the District of Columbia, instead of trying to manufacture a basis to get out of D.C. and have the cases to proceed in Chicago. In *Lagor v. Eli Lilly and Co.,* 2007 WL 1748888 (D.D.C. 2007), the D.C. District Court held that where a *plaintiff, itself,* seeks transfer, its second choice of forum (the first choice being where it originally filed its complaint) should receive *no deference.* Though that case was in the context of plaintiff's 35 U.S.C. § 1404 transfer motion (as opposed to 28 U.S.C. § 1407), the same skepticism should apply here not just in weighing Papst's "second" choice of forum,

Chicago, but in terms of assessing any argument Papst makes in opposing Olympus' motion to transfer the case to its proper forum, the District of Columbia. In *Lagor*, the Court observed:

> Several district courts have … recently held that where a plaintiff … seeks transfer, the plaintiff's "second or third choices of forum receive[ ] *no* deference." *Health Discovery Corp. v. Ciphergen Biosystems, Inc.*, Civ. A. No. 06-260, 2007 WL 128283, at *3 (E.D.Tex. Jan. 11, 2007) (emphasis added); *see also Tiffany v. Hometown Buffet, Inc.*, Civ. A. No. 06-2524, 2006 WL 2792868, at *2 (N.D.Cal. Sept. 28, 2006). Although the record does not disclose plaintiffs' motivations for initially filing suit in the District of Columbia and then requesting transfer to the District of Massachusetts four months later (rather than bringing suit in Massachusetts originally), the Supreme Court has warned against allowing parties to use motions to transfer as veiled means of forum shopping. *See Van Dusen,* 376 U.S. at 636 (stating that § 1404(a) was intended as a "judicial housekeeping measure" rather than a "forum-shopping instrument"); *see also Schmid Labs, Inc. v. Hartford Acc. & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986) (stating that "the transfer provisions in the U.S.Code . . . were in part intended to prevent forum shopping"); *Tiffany,* 2006 WL 2792868, at *2 (denying plaintiffs' motion to transfer where filing suit in one jurisdiction and then moving to transfer was indicative of forum shopping). Regardless of whether, as defendants urge, plaintiffs' decision to sue in this district constituted a strategic attempt to avail themselves of the District of Columbia's "advantageous statute of limitations,". . . or reflected more practical concerns (such as the presence of plaintiffs' counsel here), this Court accords no weight to plaintiffs' second-choice forum.

*Lagor v. Eli Lilly and Co.,* at *3.

Here, Papst's filing of its transfer motion only *eleven days* after filing its Complaint makes its improper attempt to use this Court for forum shopping purposes that much more transparent. Accordingly, the Court should disregard any consideration that it might otherwise accord Papst's choice of filing its Complaint in the District. Indeed, the Court should reject any opposition or request Papst may make to prevent Olympus' requested transfer of this case to the District of Columbia.

### B.    This Case Could And Should Have Been Brought In The District of Columbia

This action against Olympus could have been brought in the District of Columbia, the forum to which transfer is sought. Because Olympus, through Olympus Imaging, sells its digital cameras and other products in the District of Columbia, it is subject to personal jurisdiction there.

8

*See Kondrath v. Arum*, 881 F. Supp. 925 (D. Del. 1995) (holding that before ordering transfer, the Court must determine if the case could have been brought in the transferee district, based on whether venue would have been proper, and whether transferee court could have exercised personal jurisdiction over the defendants). It is settled that for patent infringement actions, venue is proper so long as personal jurisdiction can be established over the defendant. 28 U.S.C. § 1400; *see also V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F. 2d 1574, 1584 (Fed. Cir. 1990). Because the District of Columbia court can exercise personal jurisdiction over Olympus, and venue is proper there, Papst could have originally filed its claims against Olympus there.

### C.   Transferring The Action To The District of Columbia Will Advance The Interests of Justice And Protect The Parties And Witnesses Against Unnecessary Inconvenience And Expense

The factors relevant to a transfer confirm that transferring this case to the District of Columbia will promote the convenience of the parties and witnesses and the interests of justice. In *Jumara*, the Third Circuit set forth the following factors that must be considered when deciding a § 1404(a) motion to transfer including:

(1)   the practical considerations for making the trial easy, expeditious, or inexpensive;

(2)   the trial judge's familiarity with the law and issues;

(3)   the convenience of the parties based on their relative physical and financial considerations, as well as the plaintiff's choice of forum, and defendant's preference;

(4)   the convenience of witnesses;

(5)   any local interests in deciding local controversies at home;

(6)   where the claim arose; and

(7)   the location of documents.

*Jumara*, 55 F. 3d at 879.

9

It is important to note that, because application of § 1404 results in transfer and not dismissal (*as in forum non conveniens*), a lesser showing of inconvenience with respect to this District is required to obtain a transfer. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Evans v. Merck & Co., Inc.,* 2002 WL 89622 (E.D. Pa. 2002); and *National Property Investors VIII v. Shell Oil Co.,* 917 F. Supp. 324, 326-327 (D.N.J. 1995). Overall, consideration of these factors weighs strongly in favor of a transfer to the District of Columbia.

### 1.   The Practical Considerations For Making the Trial Easy, Expeditious, or Inexpensive Strongly Favor a Transfer

If this action is transferred to the District of Columbia, trial of the common factual and legal issues between these related actions can be readily consolidated. *See* Rule 42(a), Fed. R. Civ. P. (providing that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial on any or all of the matters…[and] order all the actions consolidated…"). For example, if there were a consolidated trial on the issue of invalidity, fact witnesses on prior art and technical experts may have to testify at only one proceeding. Similarly, if there were a consolidated trial on unenforceability, the inventor and the attorneys who prosecuted the patents would need to testify at only one proceeding. Reducing duplication of effort on these common factual and legal issues inherently makes trial easier, more expeditious, and less costly, and transferring this case to the District of Columbia will achieve these efficiencies. *See Brunswick Corp. v. Precor Inc.*, 2000 WL 1876477, at *3 (D. Del. 2000) (finding that practical considerations making trial easy, expeditious, or inexpensive supported transfer of patent infringement suit to Western District of Washington, where parties were litigating another patent infringement matter involving exercise equipment); *see also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998) (recognizing that litigating patent infringement action in the Northern District of California with actions against other defendants involving some of the same patents-in-suit would achieve certain judicial economy that weighed in favor of transfer).

Such a consolidation for trial is not a matter that is addressed by Papst's MDL motion. *Ben-Meir Decl., Exh. O.* Indeed, if this case is not transferred to the District of Columbia, then following any consolidated MDL discovery, this case may well return to this District for trial. Papst's MDL motion notwithstanding, the *Casio* action is on course to be tried in the District of Columbia. Accordingly, a trial here would be particularly wasteful and inefficient in light of the common claim construction, invalidity and unenforceability issues that could be handled in one consolidated trial involving all of the parties. Addressing these common issues through a consolidated trial in one court would clearly avoid duplicative litigation and ensure consistent results, thereby enhancing efficiency as well as judicial and litigant economy.

Transferring this case to the District of Columbia potentially goes further in promoting a more expeditious and less expensive trial than merely consolidating the cases for discovery, as contemplated by Papst's MDL motion. No one disputes that consolidated discovery, including briefing and hearing on claim construction issues, by one court is appropriate and will promote the interests of justice. Indeed, Papst argues for consolidation of discovery in its MDL motion. *Ben-Meir Decl., Exh. O.* However, transferring this case to the District of Columbia goes a step further in promoting these interests. First, transfer of this case will increase the likelihood that the District of Columbia will be the forum for consolidated MDL proceedings. If that happens, this case will be ideally positioned to be tried in that Court, because it would also have been the Court in which discovery and claim construction issues were handled.

If, on the other hand, this Court transfers this case to the District of Columbia and the MDL Panel denies Papst's transfer motion, consolidated discovery for most, if not all, of the related cases may well proceed anyway before Judge Kessler, and that Court will have the benefit of having already dealt with the discovery issues between Casio and Papst over the last several months. Once the pre-trial and trial phase begins, the District of Columbia would again be ideally positioned to try the various issues that are common to the accused digital camera manufacturers.

**2.** **The Trial Judge's Familiarity With The Law And Issues Also Favors Transfer To The District of Columbia**

Another factor that weighs in favor of transfer to the District of Columbia is the District Court's familiarity with the underlying dispute. Because the *Casio* action has been ongoing there since last October, Judge Kessler has already become generally familiar with the issues concerning these related cases. Trying all of the cases related to the *Casio* case in that Court will promote conservation of judicial resources and prevent inconsistent rulings between districts.

This Court has previously transferred actions so that they can be litigated with other related actions for these very reasons. *See Alloc, Inc. v. Unilin Decor N.V.*, 2006 WL 3050815, *3 (D. Del. 2006); *Brunswick Corp., supra*, 2000 WL 1876477, at *3 (finding that interests of justice, including judicial economy and efficiency would be served by transferring case to district which was familiar with the patent, as there had already been one earlier litigation on the same patent there). Other courts have done likewise. *See Aventis Pharma S.A. v. Sandoz, Inc.*, 2007 WL 1101228, at *3 (D.N.J. 2007) (finding that existence of a separate earlier pending action in the Central District of California involving the same patent asserted by Aventis against a different defendant warranted transfer based on judicial economy), *citing Zelenkofske Axelrod Consulting L.L.C. v. Stevenson*, 1999 WL 592399, at *4 (E.D. Pa. 1999).

**3.** **The Convenience of the Parties Weighs in Favor of Transfer**

In so far as the convenience of the parties is concerned, the District of Columbia is the better forum. As an initial matter, the convenience of this District to Papst should be accorded no consideration even if it did have facilities or conducted business here (which it does not). As discussed above, Papst does not want to be here, and filed this case merely as a tactic to move *other* cases out of what has been and continues to be the proper forum, Washington, D.C. *Lagor, supra*, 2007 WL 1748888.

Moreover, none of the parties in this case has any offices in Delaware. *Cacace Decl., ¶ 2, 4.* Papst is a German company with no connections to Delaware. Thus, because Delaware is not Papst's "home-turf," Delaware is no more convenient to Papst than any other U.S. forum. *See*

12

*Pall Corp. v. Bentley Labs, Inc.*, 523 F. Supp. 450, 452 (D. Del. 1981) (finding that where Delaware was neither connected with plaintiff or the patents-in-suit, the forum was not deemed convenient to the plaintiff); *see also Magee v. Essex-Tec Corp.*, 704 F. Supp. 543, 547 (D. Del. 1988) ("[W]hen the plaintiff is not litigating in his 'home-turf', it is less difficult for the defendant to meet its burden of proof in demonstrating that the balance of factors tips in favor of the transfer.") *(citations omitted)*.

Furthermore, Olympus Corporation is a Japanese corporation, and like Papst, has no links to Delaware. *Cacace Decl.* ¶ 2. While Olympus Imaging is incorporated in Delaware, that fact alone - and indeed it stands alone - does not weigh in favor of litigating here. *Pall Corp., supra,* 523 F. Supp. at 452. Olympus Imaging has no offices or facilities in Delaware, nor any relevant documents or witnesses there. *Cacace Decl.* ¶ 4; *Pall Corp., supra,* 523 F. Supp. at 452 (finding that defendant's incorporation in Delaware, alone, did not make it a more convenient forum); *see also Alloc, Inc. v. Unilin Decor N.V.*, 2006 WL 3050815, at *3 (D. Del. 2006) (stating that even though plaintiff and one of the defendants were incorporated in Delaware, there was little connection between the forum and the action or the parties); *see also APV North America, Inc. v. Sig Simonazzi North America,* 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ("Where an alternative forum is more convenient and has more substantial connections with the litigation, 'incorporation in Delaware will not prevent transfer.'") *(internal citations omitted)*; *see also Brunswick Corp., supra,* 2000 WL 1876477 (transferring action to court where related case was pending even though both parties were incorporated in Delaware).

As foreign litigants, Papst and Olympus Corporation will have to bear the cost and inconvenience of litigation in the United States regardless of where the action proceeds. To travel to Delaware, however, Olympus Corporation representatives will have to travel through D.C., Chicago or New York, and then through Philadelphia. On the other hand, to travel to D.C. the parties' representatives can fly directly into nearby Dulles Airport. Accordingly, the District of Columbia would be relatively more convenient in terms of travel from outside the United States.

Moreover, Papst has already been litigating the *Casio* action in the District of Columbia and cannot legitimately claim that trying multiple cases involving the same patents and similar products in two different forums would be more convenient than trying all cases in the same forum. To the contrary, if the Court transfers this case, Papst's litigation costs will be reduced as it would not have to retain local counsel in Delaware. *See Affymetrix, Inc., supra,* 28 F. Supp. 2d at 205-206 (finding that elimination of expenses for retaining local counsel weighed in favor of transfer). On this point, Papst is already being represented by the Welsh & Katz firm in the District of Columbia. That firm has offices in both Chicago and the District of Columbia. *Ben-Meir Decl., Exh. R.* Several of its attorneys, including Ms. Katz, who filed Papst's MDL motion, are admitted in both districts, so the District of Columbia should be more convenient than this District. *Id., Exhs. O, R, and S*; *See Tracy v. Consolidated Rail Corp.,* 723 F. Supp. 1051, 1052 (D. Del. 1989) (finding no prejudice by transfer of case to district where related actions were being litigated because party was already represented by counsel there).

### 4.    The Convenience to the Witnesses Weighs in Favor of Transfer

The District of Columbia is also more convenient for the witnesses as there will be a significant overlap between the witnesses in the various related actions due to the common factual and legal issues. *See Omnicom Group Inc. v. Employers Reinsurance Corp.,* 2002 WL 109346 (D. Del. 2002) (noting that documents and witnesses already present in state where transfer is sought provides efficiency as a practical matter.). Traditionally, fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit weigh quite heavily in the balance of convenience analysis. *Affymetrix, Inc., supra,* 28 F. Supp. 2d at 203. Among others, Michael Tasler, the named inventor of the '399 and '449 patents, and Carl A. Forest, Leslie S. Garmaise, Michael A. Glenn and Jeffrey W. Salmon, the attorneys involved in prosecuting the two patents, will be common fact witnesses in all of the related cases. *Ben-Meir Decl., Exhs. T, U, V, and M* (exhibits A and B, attached thereto.) None of these individuals is located within this Court's subpoena power so producing them here will not be more convenient. *Affymetrix, Inc.,* 28 F. Supp. 2d at 204, 208.

14

Mr. Tasler is a German resident, with a last known address in Würzburg, Germany. *See* '399 and '449 patents, attached as exhibits to *Ben-Meir Decl., Exh. M.* While his travel to the United States for this litigation may be unavoidable, a transfer of this case to the District of Columbia would likely greatly reduce the travel burden on him. If the Court transfers this case, discovery as well as trial of the issues of invalidity and unenforceability in these related actions may well be consolidated. As such, Tasler may need to travel to only one district for deposition and trial, and may have to testify at trial on the same issues potentially just once.

Likewise, if the case were transferred to D.C., Mr. Forest of Patton Boggs, LLP in Denver Colorado, Mr. Garmaise presently of Kaplan Gilman Gibson & Dernier LLP of Woodbridge, New Jersey, Mr. Glenn of the Glenn Patent Group in Menlo Park, California, and Mr. Salmon, an attorney with the law firm of Welsh & Katz, Ltd. in Chicago, may only have to testify in one trial in the District of Columbia. *Id., Exhs. P, W, X, and Y; see Tracy, supra*, 723 F. Supp. at 1053 (finding that witnesses would benefit from a transfer because they would be spared of having the give the exact same testimony twice). If, on the other hand, these related cases proceed in separate forums, common witnesses like Tasler, Forest, Garmaise, Glenn and Salmon may well be traveling back and forth for cases in different districts to provide duplicative testimony.

### 5.     Other Relevant Factors, Including Any Local Interest in Deciding This Dispute, Where Papst's Alleged Claims Arose, And The Location of Documents and Other Records, Support A Transfer

The District of Delaware has no local interest in this litigation. Papst and Olympus Corporation are foreign companies with no ties to Delaware. *Ben-Meir Decl., Exh. M,* ¶ 3; *Cacace Decl.*, ¶ 2. Olympus Imaging is incorporated in this State, but conducts its business from Pennsylvania. *Cacace Decl.,* ¶ 4. As for the nature of this dispute, this Court has held that patent rights are not considered state or local matters, and therefore, do not implicate local interests. *See Alloc, Inc., supra,* 2006 WL 3050815, at *3. Also, there are several other digital camera manufacturers involved in the overarching dispute that also have no ties to this District.

15

*Ben-Meir Decl, Exh. C*, ¶ 2; *Exh. J*, ¶¶ 1-2; *Exh. L*, ¶¶ 1-2; *Exh. N*, ¶ 4. Even Papst, by its own MDL motion, implies that this case has little if anything to do with this District. *Id., Exh. O.*

Furthermore, Delaware does not bear any special relationship to where the claims in this action arose. Papst alleges that Olympus committed acts of patent infringement by selling, offering for sale, or importing into the United States, digital cameras. *Id., Exh. M*, ¶¶ 7-10. Olympus, through Olympus Imaging, sells its cameras throughout the United States, not just Delaware, so Papst cannot fairly claim that this Court, more than the District of Columbia, should decide this dispute. On the other hand, the District of Columbia is already the site of the ongoing *Casio* action, and therefore, has a pre-existing *interest and investment* in resolving the overall dispute.

Because discovery has been ongoing in the *Casio* action for months, records and documents relating to the patents, much of which may be relevant to this action, have already been produced there. If the Court transfers this case, and it is consolidated with the other cases pending in the District of Columbia, all of the parties might only need to prepare documents for trial in one location. Indeed, this Court has held that the obvious economy and efficiency that is gained by bringing common relevant documents to one location instead of two or more is a factor that weighs in favor of transfer. *See Alloc, Inc.*, 2006 WL 3050815, at *3 (transferring action to Wisconsin, where related action involving the same patent was being litigated, and relevant documents had already been produced).

## V.  CONCLUSION

Because efficiency, judicial and litigant economy, and the interests of justice will be best served by litigating all of the related actions, including this one, in the District of Columbia, and because Papst should be accorded little or no consideration for its choice of forum because it has demonstrated that it does not want to litigate in Delaware and because of its blatant forum-shopping tactics, this action should be transferred to the District of Columbia pursuant to 28 U.S.C. § 1404(a).


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600

Dated: August 1, 2007
810419 / 32031

By:  /s/ Kenneth L. Dorsney
      Richard L. Horwitz (#2246)
      Kenneth L. Dorsney (#3726)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE 19899
      Tel : (2) 984-6000
      rhorwitz@potteranderson.com
      kdorsney@potteranderson.com

*Attorneys for Defendants Olympus Corporation
and Olympus Imaging America, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on August 1, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 1, 2007, I have Electronically Mailed the document to the following person(s):

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

Jerold B. Schnayer
John L. Ambrogi
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
jbschnayer@welshkatz.com
jambrogi@welshkatz.com

*/s/ Kenneth L. Dorsney*
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

810412 / 32031