# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAPST LICENSING GmbH & Co. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-415-*** |
| | ) | |
| OLYMPUS CORPORATION, and | ) | |
| OLYMPUS IMAGING AMERICA, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## PAPST'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER UNDER §1404 AND IN SUPPORT OF PAPST'S CROSS-MOTION TO STAY THE PROCEEDINGS PENDING THE MDL PANEL'S DETERMINATION ON CONSOLIDATION

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Papst Licensing GmbH & Co. KG*

*Of Counsel:*

Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Dated: August 20, 2007
183373.1

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I.    THIS ACTION SHOULD BE STAYED PENDING THE MDL PANEL'S
      DETERMINATION ON CONSOLIDATION ................................................... 1

II.   OLYMPUS HAS *NOT* SATISFIED ITS BURDEN OF JUSTIFYING
      TRANSFER UNDER §1404(A) ......................................................................... 3

   A.   *There is No Evidence That This Action Could Have Been Brought in the
        District of Columbia* ................................................................................... 5

   B.   *Any Consideration of Olympus' Motion Should Be on the Merits Rather Than
        on Olympus' Efforts to Taint Papst* ........................................................... 5

   C.   *Olympus is Wrong About Three of the Actions Being Tried in the District of
        Columbia, As Only One of the Actions Will Be Tried There* ...................... 7

   D.   *Olympus is Wrong About the Casio Court Already Being Familiar With the
        Patents or the Common Issues* .................................................................... 9

   E.   *Olympus' Argument That Papst's Selection of This Forum Should Not Be Given
        Any Deference Makes No Sense* ................................................................... 10

   F.   *The Convenience of Parties and Witnesses and the Interests of Justice Do Not
        Support Transfer to the District of Columbia* ........................................... 10

   G.   *Discovery Prior to Decision on Motion to Transfer* ......................................... 13

III.  CONCLUSION .................................................................................................. 14

## TABLE OF AUTHORITIES

<u>CASES</u>

*ADE Corp. v. KLA-Tencor Corp.*,
   138 F.Supp.2d 565 (D.Del. 2001)..................................................................... 5, 11

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*,
   48 F.Supp.2d 37 (D.D.C. 1999) .......................................................................... 3

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F.Supp.2d 192 (D.Del. 1998) ....................................................................... 12

*Alloc, Inc. v. Unilin Décor N.V.*,
   2006 U.S. Dist. LEXIS 78019 (D.Del. Oct. 26, 2006) ................................. 12

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*,
   2007 U.S. Dist. LEXIS 21704 (D.Del. Mar. 27, 2007) ........................... 4, 11

*Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*,
   2006 U.S. Dist. LEXIS 92249 (D.Del. Dec. 21, 2006)...................... 4, 10, 11

*Aventis Pharma S.A. v. Sandoz Inc.*,
   2007 U.S. Dist. LEXIS 26304 (D.N.J. Apr. 10, 2007) ................................. 12

*Brunswick Corp. v. Precor Inc.*,
   2000 U.S. Dist. LEXIS 22222 (D.Del. Dec. 12, 2000)................................ 12

*Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc.*,
   2001 U.S. Dist. LEXIS 20803 (D.Del. Nov. 28, 2001) ............................... 11

*Electronics for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) .......................................................................... 9

*In re Triax Co. Patent Litigation*,
   385 F.Supp. 590 (J.P.M.L. 1974)........................................................................ 1

*Jones Pharma, Inc. v. KV Pharmaceutical Co.*,
   2004 U.S. Dist. LEXIS 2333 (D.Del. Feb. 17, 2004) .................................. 11

*Lagor v. Eli Lilly and Co.*,
   2007 U.S. Dist. LEXIS 43703 (D.D.C. Jun. 18, 2007)................................. 10

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978)............................................................................................ 13

*Oracle Corp. v. Epicrealm Licensing, LP*,
   2007 U.S. Dist. LEXIS 21095 (D.Del. Mar. 26, 2007). ........................... 4, 11

*Pall Corp. v. Bentley Laboratories, Inc.*,
  523 F.Supp. 450 (D. Del. 1981) .................................................................... 12

*Rivers v. Walt Disney Co.*,
  980 F.Supp. 1358 (C.D.Calif. 1997) ............................................................. 2, 3

*Roberti v. Longworth*,
  164 F.Supp.2d 395 (S.D.N.Y. 2001) ............................................................ 13

*Sunbelt Corp. v. Noble, Denton & Associates, Inc.*,
  5 F.3d 28 (3d Cir. 1993) ................................................................................. 5

*Textron Innovations Inc. v. The Toro Co.*,
  2005 U.S. Dist. LEXIS 23561 (D.Del. Oct. 14, 2005) .............................. 5, 11

*Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*,
  882 F.Supp 359 (D.Del. 1994) ....................................................................... 5

*Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*,
  1999 U.S. Dist. LEXIS 12137 (E.D.Penn. Aug. 5, 1999) ........................... 12

STATUTES

28 U.S.C. §1404 .......................................................................................... 1, 4, 5

28 U.S.C. §1407 .......................................................................................... 1, 6, 7

35 U.S.C. §293 ................................................................................................... 8

RULES

Local Rule 7.1.1 ................................................................................................. 3

Plaintiff Papst Licensing GmbH & Co. KG ("Papst") respectfully opposes Defendants' motion to transfer this action to the District for the District of Columbia under 28 U.S.C. §1404, and seeks a stay of all proceedings in this action pending a determination by the Judicial Panel on Multidistrict Litigation ("the MDL Panel") of whether to consolidate this action with several other actions for pre-trial proceedings, pursuant to 28 U.S.C. §1407.

## I. This Action Should Be Stayed Pending the MDL Panel's Determination on Consolidation

The captioned action is one of six pending actions (identified in Defendants' brief) that concern whether the respectively accused digital cameras infringe the same two United States patents (the Tasler patents) owned by Papst, and that concern the validity of those two patents. A July 13, 2007 letter from the MDL Panel identifies five of those actions, including the captioned action, and is attached as Exhibit 1. The sixth action is a tag-along declaratory judgment action recently filed in the the District of Columbia, *Matsushita Electric Industrial Co., Ltd. et al. v. Papst Licensing GmbH & Co. KG*, Civil Action No. 07cv01222. The MDL Panel has assigned the Docket Number MDL-1880 and the Caption *In re Papst Licensing Digital Camera Patent Litigation*. At this time, Papst expects consolidation for pre-trial proceedings will be considered and decided by the MDL Panel when the Panel meets in September.

The purpose of seeking consolidation for pre-trial proceedings is to minimize duplicative litigation and inconsistent rulings. *See e.g. In re Triax Co. Patent Litigation*, 385 F.Supp. 590, 591 (J.P.M.L. 1974). At a hearing in the Northern District of Illinois on July 10, 2007 to transfer the related *Fujifilm* action under 28 U.S.C. §1404(a), Judge Holderman effectively stayed all proceedings in that action until a status conference on

1

October 2, 2007. He did so specifically because that October date is shortly after the expected time of a decision by the MDL Panel. (Ex. 2, transcript of 7/10/07 hearing). In the related *Casio* action in the District for the District of Columbia, Judge Kessler stayed all proceedings pending a determination by the MDL Panel on whether to consolidate the actions. D.I. 14, Ex. F. In the related *Samsung* action in the Central District of California, Samsung submitted an uncontested motion to stay all proceedings pending the determination by the MDL Panel. Judge Anderson has not yet ruled on that July 23, 2007 motion.

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1362 (C.D.Calif. 1997) (citations omitted) (granting motion to stay pending decision by MDL Panel). The court in *Rivers* stated that the factors to be considered are "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.* at 1360 (citation omitted).

In the captioned action, there is no potential prejudice to the Defendants (collectively, "Olympus") if this action is stayed for a few weeks. It is Papst's patents that are being infringed, not Olympus' patents. Secondly, if this action is not stayed, either or both parties may face the inequity of rulings by this Court that are inconsistent with future rulings on similar matters by an MDL court. These matters potentially include discovery, privilege, and protective orders. Thirdly, it is unnecessary and

2

undesirable for this Court to consider Olympus' pending motion to transfer until after the MDL Panel decides whether and where to consolidate all of the related actions. At that time, it may well be unnecessary to consider the Olympus motion at all. Regardless, it would undesirable and a waste of effort to transfer this action to another district and then have the MDL Panel transfer it again a few weeks later.

If the MDL Panel consolidates the different actions (as is likely given the common issues and the fact that none of the parties opposes consolidation), this Court may have needlessly expended time and energy familiarizing itself with intricacies of this action, when this action may not return for trial for years, if ever. In addition, an MDL court would have to replicate that effort of familiarizing itself with the intricacies of this action. Furthermore, an MDL court might revisit and modify any of the very issues that this Court had decided, possibly rendering this Court's efforts for naught. *See Rivers*, 980 F.Supp. at 1360-61. As the court stated in *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37 (D.D.C. 1999) (granting stay pending resolution by MDL Panel of motion to consolidate), "a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred." *Id.* at 43.

In accordance with Local Rule 7.1.1, counsel for Papst conferred with opposing counsel concerning this cross-motion to stay, and was advised that Olympus opposes this motion.

## II.     Olympus Has *Not* Satisfied Its Burden of Justifying Transfer Under §1404(a)

Olympus seeks transfer to the District of Columbia, which has no connection with any of the parties or any of the witnesses. Olympus has *not* even provided evidence showing satisfaction of the statutory threshold - that Papst could have brought this action

3

in the District of Columbia.  Olympus' entire brief may be boiled down to the single fact

that the related *Casio* action will be tried in the District of Columbia.  However, as

discussed below, each of the other related actions will *not* be tried in the District of

Columbia, and more of them will be tried in the Northern District of Illinois than in any

other district.  All of the parties agree that the actions should be consolidated for pre-trial

purposes.  However, that likely will occur in a district selected by the MDL Panel.  That

determination will occur independent of the Olympus motion to transfer under §1404(a).

It is somewhat absurd for Olympus to argue on the first page of its brief that

"Delaware has no meaningful relationship to this litigation," and that "the District of

Columbia has strong interests in resolving this dispute."  In fact, Olympus has *not*

identified any connection between the District of Columbia and any of the parties to this

action, and has *not* identified any reason why the District of Columbia has any interest in

the resolution of this dispute.  On the other hand, Olympus concedes that Defendant

Olympus Imaging America, Inc. is incorporated in Delaware.  Therefore, Delaware "has

an interest in litigation regarding companies incorporated within its jurisdiction."  *Oracle*

*Corp. v. Epicrealm Licensing, LP*, 2007 U.S. Dist. LEXIS 21095, *12 (D.Del. Mar. 26,

2007).

"[H]aving received the benefits of Delaware incorporation, a Defendant cannot

now complain that another corporation has chosen to sue it here."  *Automotive*

*Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*, 2006 U.S. Dist. LEXIS

92249, *5-*6 (D.Del. Dec. 21, 2006).  *See Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*,

2007 U.S. Dist. LEXIS 21704, *33 (D.Del. Mar. 27, 2007); *Textron Innovations Inc. v.*

*The Toro Co.*, 2005 U.S. Dist. LEXIS 23561, *5 (D.Del. Oct. 14, 2005); *ADE Corp. v. KLA-Tencor Corp.*, 138 F.Supp.2d 565, 572 (D.Del. 2001).

Olympus has not satisfied its burden of justifying transfer of the captioned action under 28 U.S.C. §1404(a).

### A.    There Is No Evidence That This Action Could Have Been Brought in the District of Columbia

Olympus does not provide any evidence that it is subject to personal jurisdiction in the District of Columbia, notwithstanding any unsupported assertions to the contrary. Any transfer under 28 U.S.C. §1404(a) may be only to a district where the action could have been brought by Papst. This is a mandatory statutory requirement. *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28 (3d Cir. 1993) (granting writ of mandamus vacating order to transfer to district that was not one in which the action might have been brought); *Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F.Supp 359 (D.Del. 1994). Olympus has not provided any evidence to show that this statutory requirement is satisfied.

### B.    Any Consideration of Olympus' Motion Should Be on the Merits Rather Than on Olympus' Efforts to Taint Papst

Olympus is trying to bias the analysis by accusing Papst of forum shopping, but it is actually the one engaged in forum shopping. Papst sued Olympus in the District of Delaware where the Defendant Olympus Imaging America, Inc. is incorporated. Olympus has not even answered the complaint, but it has moved under 28 U.S.C. §1404(a) to transfer this action to the District of Columbia, in which none of the parties has any presence. Papst sued Fujifilm in the Northern District of Illinois, where the domestic Fujifilm defendant maintains a permanent place of business at 850 Central Avenue in Hanover Park, Illinois. D.I. 14, Ex. I, ¶4. Fujifilm filed a counter-suit in the

District of Columbia, a jurisdiction in which none of the parties to that action has any presence. D.I. 14, Ex. J. Matsushita also filed a related declaratory judgment action against Papst in the District of Columbia, a jurisdiction in which none of the parties to that action has any presence. D.I. 14, Ex. L. The Olympus, Fujifilm and Matsushita parties are all represented by the same law firm, Hogan & Hartson LLP, in connection with these actions. So who is forum shopping?

Olympus' theme is that Papst entangled itself in litigation against three more parties (Olympus, Fujifilm and Samsung) because of an adverse ruling on a discovery motion by the magistrate judge in the *Casio* action. However, Papst had been negotiating with each of Olympus, Fujifilm and Samsung regarding their infringement of the patents in issue, and those negotiations had persisted without any progress for quite a few months before Papst commenced the respective actions against each of them. It sued Samsung in the Central District of California, where the Samsung domestic defendant maintains a permanent place of business at 18600 Broadwick Street in Rancho Dominguez, California. D.I. 14, Ex. N, §4. As mentioned above, it sued Olympus where the domestic defendant is incorporated and Fujifilm where the domestic defendant maintains a permanent place of business.

Olympus' assertion that Papst did not intend to try this action in this district makes no sense, since this action will return to this district for trial even if there are MDL proceedings. 28 U.S.C. §1407(a).

Finally, an adverse ruling on a discovery motion is not very unusual in civil litigation. Papst has requested the judge to reconsider the sanction imposed by the magistrate judge in the *Casio* action (Casio Dkt. No. 43), and that request remains

pending as are several other discovery motions. In particular, there are pending motions

to compel Casio to respond to discovery requests (Casio Dkt. Nos. 52 and 63). There is

no reason to believe that one's prospects are more favorable in one district than in

another because of a ruling on one discovery motion, and any consideration of Olympus'

motion to transfer should be on the merits rather than on Olympus' efforts to taint Papst.

### C.    Olympus is *Wrong* About Three of the Actions Being Tried in the District of Columbia, As Only One of the Actions Will Be Tried There

As explained below, *Casio* is the only one of the six related actions that will be

tried in the District of Columbia. Both *Fujifilm* actions (if there is any reason for the

second one to persist), the *Matsushita* action (if it is refiled), and any other future

declaratory judgment action against Papst concerning the patents in issue will be tried in

the Northern District of Illinois. Olympus' argument for transfer under §1404(a) to the

District of Columbia is based on its erroneous assumption that most of the related actions

would be tried there. That is not true, undermining the Olympus argument. (This is a

different issue than consolidation pursuant to §1407 for pre-trial purposes. The parties

agree that the related actions should be consolidated for pre-trial purposes, though they

disagree about where that should occur.)

Olympus argues that three of the six actions are in the District of Columbia.

However, only the *Casio* action will be tried in that district. Papst is a foreign company

with no presence in the United States. In particular, Papst has never had any presence in,

or any connection with, the District of Columbia, and it has never initiated any litigation

in the District of Columbia. In the past, it has been subject to personal jurisdiction by the

U.S. District Court for the District of Columbia, not due to any affirmative act on its part

and not due to any connection with the District of Columbia, but only through the default

provision in the long arm section of the patent statute. That section constructively subjected Papst to personal jurisdiction by the U.S. District Court for the District of Columbia if Papst did not designate someone in the United States for service of process. 35 U.S.C. §293. Consequently, Papst has been a declaratory judgment defendant in some federal actions in the District of Columbia that were related to Papst's U.S. patents, and Papst has brought compulsory counterclaims in some of those declaratory judgment actions. However, as discussed by Olympus in its brief (D.I. 12), Papst now has designated a person residing in the Northern District of Illinois for service of process in accordance with §293. Therefore, the default provision of §293 no longer applies, and Papst is no longer subject to personal jurisdiction by the U.S. District Court for the District of Columbia in any subsequently filed action.

As indicated on page 4 of Olympus' brief, the *Matsushita* action was commenced *after* Papst's §293 designation of someone for service in Chicago, so there is no personal jurisdiction over Papst in the District of Columbia for that action. That action will have to be dismissed, and the only district in which in can be brought again is the Northern District of Illinois. The patents that are the subject of the *Matsushita* action and the other related actions are also the subject of ongoing negotiations between Papst and a number of other digital camera manufacturers. Should any of those companies bring declaratory judgment actions against Papst, those additional tag-along actions also will have to be brought in the Northern District of Illinois - the only district in which Papst is now subject to personal jurisdiction concerning its U.S. patents.

The *Fujifilm* declaratory judgment action was commenced in the District of Columbia before Papst's §293 designation. However, it was commenced after Papst

8

already had sued Fujifilm in the Northern District of Illinois. Those two reciprocal actions concern the identical parties and the identical claims regarding Papst's patents. D.I.14, Exs. I and J. In deciding which action should proceed in such circumstances, the Federal Circuit does not defer to the procedural rules of the regional circuits. *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005) (reversing dismissal of first-filed action). The Federal Circuit's precedent "favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment...." *Id.* at 1348. The *Fujifilm* actions will go to trial in the Northern District of Illinois, where the first *Fujifilm* action was filed.

Therefore, *Casio* is the only one of the six related actions that will be tried in the District of Columbia, and more of the related actions will be tried in the Northern District of Illinois than in any other district. Olympus' argument for trying the related cases in one district actually undermines transfer to the District of Columbia.

**D.     Olympus is *Wrong* About the *Casio* Court Already Being Familiar With the Patents or the Common Issues**

Contrary to Olympus' arguments, the *Casio* court has *not* had an opportunity to become familiar with the patents in issue or with the issues that are common with the captioned action. In the *Casio* action, there has been a single hearing with the judge that resulted in a scheduling order (Casio Dkt. No. 34), and there has been a single hearing with the magistrate judge that resulted in a discovery motion decision. That motion had nothing to do with the subject matter of the action or the subject matter of the discovery requests, but depended on interpretation of the procedural rules (Casio Dkt. No. 36). The *Casio* action has now been stayed pending the decision of the MDL Panel (D.I. 14, Ex. F, Casio Dkt. No. 77). Olympus' reliance on any familiarity of the *Casio* court with issues

common to the captioned action is misplaced, as that court has not had the opportunity to make any investment in studying the patents or other common issues.

### E.    Olympus' Argument That Papst's Selection of This Forum Should Not Be Given Any Deference Makes No Sense

On pages 7-8 of its brief, Olympus erroneously argues that Plaintiff Papst's selection of this forum should not be given any deference, based on *Lagor v. Eli Lilly and Co.*, 2007 U.S. Dist. LEXIS 43703 (D.D.C. Jun. 18, 2007). The Lagor case, however, does not apply. Olympus concedes that *Lagor* states that the plaintiff's *second* choice of forum should not receive deference, the first choice being where plaintiff originally filed its complaint. In the captioned action, this district is where Papst originally filed the complaint. This district is Papst's first and only choice of forum for trial, and Olympus' argument makes no sense.

### F.    The Convenience of Parties and Witnesses and the Interests of Justice Do *Not* Support Transfer to the District of Columbia

It is Olympus' "burden to establish the need to transfer." *Automotive Technologies*, 2006 U.S. Dist. LEXIS 92249 at *2. Papst's choice of forum should prevail "unless the balance of convenience strongly favors a transfer." *Id.* at *3. In the captioned action, all of the factors normally considered in such motions either weigh against transfer or do not make any difference. As between Papst's choice of this forum versus Olympus' preference, the plaintiff's selection of where to bring the action is given more weight. In the captioned action, none of the parties, none of the witnesses, none of the documents, and none of the parties' principal counsel are located in the District of Columbia. Olympus' argument is based on its erroneous assertion that most of the related actions will be tried in the District of Columbia. As discussed above, that is *not* true. If the objective were truly consolidation for trial, then Olympus would be seeking

transfer to the Northern District of Illinois where more of the related actions will be tried

than in any other district, and where Papst's principal counsel are located.

Furthermore, whereas the District of Columbia has no interest at all in the

resolution of this dispute, Defendant Olympus Imaging America, Inc. is incorporated in

Delaware, so Delaware does have an interest in this action. One reason Papst chose this

forum was to minimize the possibility of a dispute regarding personal jurisdiction.

Another reason is that Defendant Olympus Imaging America is located at 3500 Corporate

Parkway, Center Valley, Pennsylvania, which is less than 100 miles from the location of

this Court. Consequently, potential witnesses will be subject to this Court's subpoena

power, which would not be so in the District of Columbia. **Ex. 3**. These are rational and

legitimate reasons for choosing this forum.

As in *Automotive Technologies*, Olympus has not met its burden of demonstrating

that transfer is appropriate. *See e.g. Amgen* (denying motion to transfer patent case);

*Oracle* (denying motion to transfer patent case); *Textron Innovations* (denying motion to

transfer patent case); *Jones Pharma, Inc. v. KV Pharmaceutical Co.*, 2004 U.S. Dist.

LEXIS 2333 (D.Del. Feb. 17, 2004) (denying motion to transfer patent case); *Cypress*

*Semiconductor Corp. v. Integrated Circuit Systems, Inc.*, 2001 U.S. Dist. LEXIS 20803

(D.Del. Nov. 28, 2001) (denying motion to transfer patent case); *ADE*, 138 F.Supp.2d at

573 (denying motion to transfer patent case, "absent some showing of a unique or

unexpected burden, a company should not be successful in arguing that litigation in its

state of incorporation is inconvenient.").

Of course, Olympus cited various cases in which a motion to transfer was granted.

However, in those cases there typically were good reasons weighing in favor of transfer

that are not present in the captioned action. For example, in *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192 (D.Del. 1998), all of the parties and all of the main witnesses were located in California, in the state to which transfer was sought but outside the subpoena power of the Delaware court. In *Brunswick Corp. v. Precor Inc.*, 2000 U.S. Dist. LEXIS 22222, *7 (D.Del. Dec. 12, 2000), "the witnesses as well as the relevant documents and records are located in Washington, and the product at issue was designed and manufactured in Washington," and the action was transferred to the Western District of Washington. In *Alloc, Inc. v. Unilin Décor N.V.*, 2006 U.S. Dist. LEXIS 78019, *9-*10 (D.Del. Oct. 26, 2006), Alloc's principal place of business was in the Eastern District of Wisconsin where transfer sought, and Unilin Décor already was a defendant in another action brought by Alloc in that district. In *Pall Corp. v. Bentley Laboratories, Inc.*, 523 F.Supp. 450 (D. Del. 1981), not only was the defendant seeking transfer to California where it had its principal place of business, but the defendant already had sued the plaintiff there in a first-filed reciprocal declaratory judgment action. Priority was given to the first-filed of two actions involving the same parties and the same subject matter. *Id.* at 453. Similarly, *Aventis Pharma S.A. v. Sandoz Inc.*, 2007 U.S. Dist. LEXIS 26304 (D.N.J. Apr. 10, 2007) and *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*, 1999 U.S. Dist. LEXIS 12137 (E.D.Penn. Aug. 5, 1999) each transferred to the district in which the first-filed action had been brought involving the <u>same</u> parties.

In the captioned action, the convenience of the parties and witnesses and the interests of justice do *not* support transfer to the District of Columbia, and Olympus has *not* met its burden of showing otherwise.

**G.    Discovery Prior to Decision on Motion to Transfer**

The present posture of the captioned action is that Olympus has not yet even answered the complaint.  Were the Court inclined to grant Olympus' motion to transfer, Papst respectfully requests that there first be at least an opportunity to discover who the witnesses are, where pertinent individuals and entities are actually located, and so forth. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).  *See e.g. Roberti v. Longworth*, 164 F.Supp.2d 395, 395 (S.D.N.Y. 2001) (denying motion to transfer "without prejudice to an application by any party to be made after pretrial discovery has been concluded, and the names and location of necessary witnesses have been ascertained").

## III.    Conclusion

For the foregoing reasons, Papst requests that the Court deny Olympus motion to transfer and that the Court stay of all proceedings in this action pending a determination by the MDL Panel of whether to consolidate this action with several other actions for pre-trial proceedings.

ASHBY & GEDDES

/s/ *John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Papst Licensing GmbH & Co. KG*

Of Counsel:
Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois  60606
(312) 655-1500

Dated: August 20, 2007
183373.1

# EXHIBIT 1

Papst's Opposition to
Defendants' Motion to Transfer
And Papst's Cross-Motion to Stay

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:            [202] 502-2888

http://www.jpml.uscourts.gov

July 13, 2007

Re:  MDL-1880 -- IN RE Papst Licensing Digital Camera Patent Litigation

DOCUMENT FILED:   Motion of  Papst Licensing GmbH & Co. KG for Transfer of Actions to the Northern District
of Illinois for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

Dear Counsel:

Today we have filed the above-described motion.  Papers filed with the Panel and all correspondence MUST
bear the **DOCKET NUMBER** and **CAPTION ASSIGNED** by the Panel as noted above.

Enclosed is a summary of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D.
425 (2001).  Pursuant to Rule 5.2(c), you must notify this office within the next 11 days of the name and address of the
attorney designated to receive service of all papers relating to practice before the Panel.  **ONLY ONE ATTORNEY
SHALL BE DESIGNATED FOR EACH PARTY.**  We will prepare a Panel Attorney Service List on the basis of the
appearances received and transmit it to you for your use in complying with our service requirements. **PLEASE
COOPERATE BY PROMPTLY RETURNING  THE ENCLOSED APPEARANCE FORM.**

**APPEARANCE AND RULE 5.3 CORPORATE DISCLOSURE STATEMENT
ARE DUE NO LATER THAN <u>NOON EASTERN TIME</u> :  July 24, 2007**

Panel Rule 5.2(a) requires that responses to motions be served on ALL parties in ALL actions.  An
**ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER READABLE DISK** of the pleading in
WordPerfect for Windows format, are currently required for filing.

**RESPONSES DUE ON OR BEFORE:          August 2, 2007**

Panel Rule 7.2(i) requires any party or counsel in these actions to promptly notify this office of any potential
tag-along in which that party is also named or in which that counsel appears.

You will be notified when this matter has been scheduled for a hearing session before the Panel.  You must file
a response if you wish to participate in oral argument, if it is scheduled by the Panel.  Please carefully review Panel
Rule 16.1 dealing with hearing sessions.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

Enclosures

JPML Form 22

**SCHEDULE OF ACTIONS**
**MDL NO. 1880**
**IN RE Papst Licensing Digital Camera Patent Litigation**

Central District of California

*Papst Licensing GmbH & Co. KG. v. Samsung Techwin, Co., et al.,* C.A. No. 2:07-4249
    (Judge Percy Anderson)

District of District of Columbia

*Casino, Inc. v. Papst Licensing GmbH & Co. KG,* C.A. No. 1:06-1751  (Judge Gladys Kessler)

Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118
    (Judge Gladys Kessler)

District of Delaware

*Papst Licensing GmbH & Co., KG. v. Olympus Corp., et al.,* C.A. No. 1:07-415
    (Judge Gregory M. Sleet)

Northern District of Illinois

*Papst Licensing GmbH & Co., KG. v. Fujifilm Corp., et al.,* C.A. No. 1:07-3401
    (Judge James F. Holderman, Jr.)

# EXHIBIT 2

Papst's Opposition to
Defendants' Motion to Transfer
And Papst's Cross-Motion to Stay

```
 1                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                       EASTERN DIVISION

 3

 4   PABST LICENSING GmbH & Co.        )
     KG,                              )
 5                                    )    Docket No. 07 C 3401
                   Plaintiff,         )
 6                                    )
             vs.                      )
 7                                    )    Chicago, Illinois
     FUJIFILM Corportion, and         )    July 10, 2007
 8   FUJIFILM U.S.A., Inc.,           )    10:00 a.m.
                                      )
 9                 Defendants.        )

10             TRANSCRIPT OF PROCEEDINGS - Motion
11        BEFORE THE HONORABLE JAMES F. HOLDERMAN

12

13   APPEARANCES:

14   For the Plaintiff:     WELSH & KATZ, LTD.
                            BY:  MR. RICHARD W. McLAREN, JR.
15                               MR. JEROLD B. SCHNAYER
                                 MR. JOHN ARON CARNAHAN
16                          120 South Riverside Plaza, 22nd Floor
                            Chicago, Illinois   60606
17

18   For the Defendants:    McDERMOTT, WILL & EMERY, LLP
                            BY:  MR. MATTHEW JOSEPH GRYZLO
19                          227 West Monroe Street, Suite 4400
                            Chicago, Illinois   60606
20

21

22

23   Court Reporter:        FRANCES WARD, CSR, RPR, FCRR
                            Official Court Reporter
24                          219 S. Dearborn Street, Suite 2118
                            Chicago, Illinois   60604
25                          (312) 435-5561
                            frances_ward@ilnd.uscourts.gov
```

  1          THE CLERK:  07 C 3401, Papst v. Fujifilm.  Motion

  2    to dismiss.

  3          MR. McLAREN:  Your Honor, Richard McLaren, Jerold

  4    Schmayer, and Aron Carnahan on behalf of Papst Licensing.

  5          THE COURT:  Good morning.

  6          MR. GRYZLO:  Good morning, your Honor.  Matthew

  7    Gryzlo on behalf of defendants Fujifilm Corporation and

  8    Fujifilm U.S.A.

  9          THE COURT:  Good morning.

 10          This is up on defendants' motion to dismiss or, in

 11    the alternative, to transfer the action to the United States

 12    District Court for the District of Columbia.

 13          How much time is desired by plaintiff to respond?

 14          MR. McLAREN:  Well, your Honor, we would ask that

 15    you reset it for a status on October 2nd for exactly the

 16    reason that you just discussed with the prior case.

 17          Yesterday afternoon we filed a motion with the MDL

 18    panel as a result of five pending cases, five around the

 19    country -- L.A., Chicago, DC, et cetera -- all involving the

 20    same patents, different defendants, including this one, your

 21    Honor.  The MDL panel oral schedule is set for July, as you

 22    just heard.  There is none in August.  And there will be one

 23    in September.  It hasn't been scheduled yet.

 24          THE COURT:  So you are hoping to make the September

 25    date.

1    MR. McLAREN:  Yes.  We would expect we would.

2    Where the MDL panel has been presented with multiple patent

3    cases involving the same patent all over the country, they

4    have very routinely granted multidistrict treatment.

5         I should add, your Honor, that our office had one

6    of these a couple years ago, and the multidistrict panel sent

7    it to New Orleans because their docket was smaller.  There

8    was no case pending in New Orleans.  So I don't think anyone

9    can predict where it will go, in answer to your Honor's

10    question.

11         THE COURT:  Okay.

12         MR. McLAREN:  I have a copy for your Honor's

13    chambers, if you want it, of the MDL filing.

14         THE COURT:  If you do, if you could just -- you

15    need not file it in the record, but I would like to review

16    it.

17         MR. McLAREN:  We overnighted it last night to the

18    Clerk of Courts for the Northern District of Illinois as we

19    did with all the other districts.  So the Clerk of Court has

20    got it downstairs already, but we didn't try to get it to you

21    yesterday at 4:30.

22         THE COURT:  That's all right.

23         What's the other side's position?

24         MR. GRYZLO:  Well, your Honor, obviously it's

25    entirely up to you.  We would like to see this matter

4

1   resolved, but we know that something is going to happen with

2   the MDL panel.

3           THE COURT:  Why don't we do this then.  I am going

4   to take the motion to dismiss or, in the alternative, to

5   transfer the action to the District of Columbia under

6   advisement, and we will set the case for further status on

7   October 2.  Hopefully we will have a determination by the MDL

8   panel.

9           Where are they sitting in September?  Does anybody

10  know?

11          MR. McLAREN:  I don't know, your Honor.

12          THE COURT:  They always like to pick locations that

13  are --

14          MR. McLAREN:  Do you know?

15          MR. GRYZLO:  I have no idea.

16          THE COURT:  -- that are comfortable.

17          (Laughter.)

18          THE COURT:  All right.  Well, come in on October 2

19  even if we don't get a ruling or haven't gotten a ruling and

20  we can take things from there.  But at least you will be able

21  to apprise me, and I appreciate your keeping me attuned as to

22  what's going on.

23          MR. McLAREN:  We fully expect it will be

24  consolidated.

25          If it isn't, your Honor, we are going to need

1    preliminary discovery into the jurisdictional issue, but you

2    don't need to do anything now.  We can do that in October.

3              THE COURT:  Okay.

4              MR. McLAREN:  Thank you, your Honor.

5              MR. GRYZLO:  Thank you, your Honor.

6              THE COURT:  Thank you.

7                       *    *    *    *    *

8    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

9

10   F̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲_̲    _̲J̲u̲l̲y̲_̲1̲0̲_̲_̲_̲_̲, 2007.
     Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 3

Papst's Opposition to
Defendants' Motion to Transfer
And Papst's Cross-Motion to Stay

 **Google** Maps

**Start** Center Valley, PA
**End** ~~Wilmington, DE~~
**Travel** 70.3 mi – about 1 hour 23 mins

| Save trees. Go green! |
| --- |
| Download Google Maps for mobile |
| Text maps to 466453 |

 **Center Valley, PA**

Drive: 70.3 mi – about 1 hour 23 mins

| | | |
| --- | --- | --- |
| 1. | Head **south** on **Main St/PA-378** toward **PA-309 S** | 223 ft |
| ← 2. | Turn **left** at **PA-309 S** | 6.3 mi 12 mins |
| → 3. | Turn **right** at **W Broad St/John Fries Hwy** Continue to follow John Fries Hwy | 3.3 mi 6 mins |
| 4. | Take the ramp onto **I-476 S** Partial toll road | 44.7 mi 46 mins |
| 5. | Take the exit onto **I-95 S** toward **Chester** Entering Delaware | 15.2 mi 17 mins |
| 6. | Take exit **6** for **4th St/SR-9** toward **SR-4/ Martin Luther King Blvd** | 0.2 mi |
| ← 7. | Turn **left** at **W 4th St/SR-9** | 0.6 mi 3 mins |

**Wilmington, DE**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2007 NAVTEQ™

### Overview



### Start



### End



Map data ©2007 NAVTE



Start **Center Valley, PA**
End **Washington, DC**
Travel **180 mi – about 3 hours 22 mins**



©2007 Google - Map data ©2007 NAVTEQ™ - Terms of Use

 **Center Valley, PA**

Drive: 180 mi – about 3 hours 22 mins

| | | |
|---|---|---|
| 1. Head **south** on **Main St/PA-378** toward **PA-309 S** | 223 ft | |
| ← 2. Turn **left** at **PA-309 S** | 6.3 mi | 12 mins |
| → 3. Turn **right** at **W Broad St/John Fries Hwy**<br>Continue to follow **John Fries Hwy** | 3.3 mi | 6 mins |
| 4. Take the ramp onto **I-476 S**<br>Partial toll road | 44.7 mi | 46 mins |
| 5. Take the exit onto **I-95 S** toward **Chester** | 6.9 mi | 8 mins |
| 6. Take exit **11** to merge onto **I-495 S** toward **Port of Wilmington/ Baltimore**<br>Entering Delaware | 11.6 mi | 11 mins |
| 7. Merge onto **I-95 S**<br>Partial toll road<br>Entering Maryland | 68.6 mi | 1 hour 9 mins |
| 8. Take exit **52** for **Balt.-Wash. Pkwy/MD-295 S** toward **BWI Airport** | 0.9 mi | 1 min |
| 9. Merge onto **MD-295 S** | 29.6 mi | 33 mins |
| 10. Take the exit onto **New York Ave/US-50 W** toward **Washington**<br>Entering District of Columbia | 5.0 mi | 9 mins |
| ← 11. Turn **left** at **I-395 S** | 2.0 mi | 4 mins |
| 12. Take the **12th St** exit toward **Downtown** | 0.4 mi | 1 min |
| 13. Follow signs for **D St** and merge onto **D St SW** | 0.3 mi | 1 min |

➡ 14.  Turn **right** to merge onto **14th St SW/US-1 N**              0.3 mi
                                                                      2 mins

 **Washington, DC**

These directions are for planning purposes only. You may find that construction projects, traffic, or other events may cause road conditions to differ from the map results.

Map data ©2007 NAVTEQ™, Sanborn