IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAPST LICENSING GMBH & CO. KG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-415-*** |
| | ) |
| OLYMPUS CORPORATION; OLYMPUS IMAGING AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600

Dated: September 7, 2007

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants
Olympus Corporation and
Olympus Imaging America, Inc.*

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ..........................................................................................1

II. FACTUAL BACKGROUND..............................................................................................3

III. PAPST'S MOTION TO STAY SHOULD NOT BE ADDRESSED UNTIL
AFTER THE COURT DECIDES OLYMPUS'S MOTION TO TRANSFER ...........................4

    A. Courts Generally Rule On § 1404 Transfer Motions While § 1407
Consolidation Motions Are Pending In Order To Promote Judicial
Economy And Avoid Undue Delays. ........................................................................4

    B. A Ruling By This Court On Olympus's Motion To Transfer Now
Would Present No Risk Of Inconsistent Rulings Or Duplicative
Litigation...................................................................................................................6

    C. If The Court Grants A Stay Before Deciding Olympus's Motion, The
Trial Venue Could Be Unknown For Years, Causing Undue Delays
And Prejudice. ..........................................................................................................7

    D. The MDL Panel's Decision Will Be More Informed If The Stay Is
Denied And The Court Rules On Olympus's Motion To Transfer. ..........................7

    E. Stays In The Illinois And D.C. Actions Are Irrelevant To Olympus's
Motion Because Those Actions May Have Presented The Risk Of
Inconsistent Rulings And Duplicative Litigation. ....................................................8

IV. CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengessellschaft*,
  48 F.Supp.2d 37 (D.D.C. 1999) ................................................................................ 5

*In re Plumbing Fixture Cases*,
  298 F. Supp. 484 (J.P.M.L. 1968) ............................................................................. 7

*Jenkins v H&R Block*,
  No. 4:06-CV-00365, 2006 WL 1408328 (E.D. Ark. May 17, 2006) ........................ 5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
  523 U.S. 26 (1998) ................................................................................................ 6, 7

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997) ...................................................................... 5, 6

*Villarreal v. Chrysler Corp.*,
  No. C-95-4414, 1996 WL 116832 (N.D. Cal. March 12, 1996) ............................... 5

*Weisman v. Southeast Hotel Properties Ltd. Partnership*,
  No. 91 Civ. 6232, 1992 WL 131080 (S.D.N.Y. June 1, 1992) ................................. 4

**Statute and Rules**

28 U.S.C. § 1404 .................................................................................................... 4, 5

28 U.S.C. § 1407 ........................................................................................... 3, 4, 6, 7, 8

I.  **PRELIMINARY STATEMENT**

In its opening papers, Papst Licensing ("Papst") offers a misleading picture of what its motion for a stay involves. Papst inaccurately suggests that Olympus Corporation and Olympus Imaging America (collectively, "Olympus") oppose a stay and want this Court to proceed full-speed-ahead with this case even while the MDL Panel is considering whether to consolidate the various Papst cases. This is not Olympus's position. Before Papst filed its motion to stay, Olympus had moved to transfer this case to the District of Columbia, where three other cases are pending relating to these very same patents-in-suit. Olympus offered to stipulate to a stay as soon as this Court decides Olympus's motion to transfer. Olympus believes that it is important for the parties to know where this case will ultimately be tried before they begin litigating the case and embark on discovery. Papst refused Olympus's offer to stipulate to a stay, and then chose not to mention it in its moving papers.

Papst's motion to stay poses a simple question. Should this Court resolve Olympus's pending transfer motion now, and determine whether this case will be tried in Delaware as a stand-alone case or in the District of Columbia along with Papst's cases against various other manufacturers, or should the Court delay deciding this issue until trial is imminent? The parties do not dispute whether the various Papst cases should be consolidated; the dispute relates to where they should be consolidated. Once the MDL panel transfers this suit, this Court will be temporarily divested of jurisdiction over it, precluding this Court from making any decision on Olympus's transfer motion. Because Olympus's motion is a matter relating to trial, the transferee court for MDL proceedings also will not have jurisdiction to decide Olympus's motion. Olympus believes the Court should resolve the transfer issue now, before deciding Papst's motion to stay.

There are numerous reasons to decide Olympus's transfer motion now. First, the judicial efficiency and conservation of resources that MDL proceedings are intended to provide would be enhanced if Olympus participated in them knowing where it would be going to trial. Olympus will more readily be able to limit discovery to certain issues, potentially leave certain issues to be

handled by other anticipated trial participants, reach stipulations with other parties, deal more efficiently with exhibits, and otherwise prepare the case in light of the anticipated trial judge and jury pool. Indeed, countless litigation decisions are informed by the knowledge of the venue and anticipated circumstances of trial.

Furthermore, as courts almost unanimously agree, judicial efficiency favors the selection of the proper forum prior to an MDL ruling, while the matter is properly before the Court, and while the Court's disposition of the issue can aid the MDL Panel in selecting the proper forum in which to conduct pretrial proceedings.

Also, contrary to Papst's claims, this Court's decision regarding the proper trial venue cannot conflict with any decisions of the MDL Panel or the transferee court for future consolidated pretrial proceedings. The MDL Panel's ruling will determine only where proceedings relating to discovery – and not trial – will occur. And the court in which consolidated proceedings are conducted will not have jurisdiction to decide where trial takes place.

On the other hand, staying the case pending a decision by the MDL Panel will indefinitely delay a ruling on Olympus's transfer motion, causing significant undue prejudice to Olympus. Olympus would be unnecessarily forced to litigate the case while the trial venue remains a mystery, not knowing if it will be joined at trial with other manufacturers. Olympus deserves to know where the case will be tried and should not have to wait until pretrial proceedings are over to find out.

Indeed, the truth behind Papst's stay motion is that Papst seeks to preempt any near-term ruling on Olympus's motion to transfer, in the hopes of preserving the appearance of a widespread dispute with cases in Delaware, California, Washington, D.C. and Illinois. Papst filed this lawsuit (together with others suits), not to actually litigate the case here, but instead to help create the inaccurate impression of a national dispute requiring an MDL in a "central location" to resolve it. Papst refused Olympus's offer to stay this case after a ruling on

Olympus's transfer motion because a transfer of this case would upset Papst's carefully crafted illusion of a nationwide dispute.

Accordingly, Olympus respectfully requests that the Court delay any decision to stay this case until after it rules on Olympus's motion to transfer.

## II.  FACTUAL BACKGROUND

As explained in Olympus's brief in support of its motion to transfer, Papst filed suit in this Court without any intention of litigating the matter here. Papst had been litigating the patents-in-suit against Casio in the District of Columbia for more than six months when, on May 31, 2007, the Magistrate Judge in that suit sanctioned Papst for failing to comply with certain discovery obligations. D.I. 12 at 3-4. Casio later filed motions for additional sanctions for discovery abuses by Papst, on which a hearing was scheduled for July 23, 2007. *Id.* Having already been sanctioned once and facing the possibility of more sanctions, on June 15, 2007, Papst initiated a series of steps to get the litigation of its patents out of Washington, D.C.

Those steps included the filing of lawsuits against Fujifilm Corporation and Fujifilm U.S.A., Inc. (collectively, "Fujifilm") in the Northern District of Illinois (where its counsel resides), as well as on opposite sides of the country – this case against Olympus in this District, and against Samsung Techwin Co. and Samsung Opto-Electronics America, Inc. (collectively, "Samsung") in the Central District of California. *Id.* at 4.[1] With these additional lawsuits, Papst contrived an argument that because there were cases scattered around the country involving the same patents and types of products, MDL proceedings were necessary, and ultimately, that Chicago, being "centrally located," would be best suited to handle them. *Id.*

On July 9, 2007, Papst presented its argument to the MDL Panel to support a transfer, pursuant to 28 U.S.C. § 1407, of all of the proceedings, including this case, to the Northern District of Illinois, its lawyers' home forum ("MDL motion" or "§ 1407 motion"). *Id.* Olympus and Fujifilm filed a joint opposition to Papst's MDL motion on August 2, 2007, in which they

---

[1]  Fujifilm then initiated its own declaratory judgment action in the District of Columbia.

3

agreed that consolidation was appropriate, but argued that the consolidated action should be litigated in the District of Columbia, where the *Casio* action, a second *Fujifilm* action, as well as a recently-filed action by Matsushita Electric Industries Co. ("Matsushita") and Victor Company of Japan ("JVC") were all pending. Matsushita joined in that opposition as plaintiffs in the potential "tag-along" action.

On August 1, 2007, Olympus moved to transfer this action to the District of Columbia, because the three similar actions were already pending there, including the *Casio* suit that has been pending for nearly a year. Papst then asked Olympus to agree to a stay of this case. Olympus responded that it would agree to a stay, if the stay would commence following this Court's decision on Olympus's motion to transfer.[2] Declaration of David H. Ben-Meir ("Ben-Meir Decl."), filed contemporaneously herewith, ¶ 2. Papst refused Olympus's proposal and now asks this Court to stay these proceedings immediately. Papst apparently hopes that this Court enter a stay, that the MDL Panel will rule on Papst's § 1407 motion, and that this Court will be divested of jurisdiction to decide Olympus's motion to transfer until the consolidated proceedings are concluded, which as Papst admits, could be years from now.

### III.  PAPST'S MOTION TO STAY SHOULD NOT BE ADDRESSED UNTIL AFTER THE COURT DECIDES OLYMPUS'S MOTION TO TRANSFER

#### A.  Courts Generally Rule On § 1404 Transfer Motions While § 1407 Consolidation Motions Are Pending In Order To Promote Judicial Economy And Avoid Undue Delays.

Most Courts rule on venue transfer motions and deny requests for stays even when § 1407 consolidation motions are pending because of the efficiency of "resolv[ing] preliminary matters while the [MDL] Panel deliberates." *Weisman v. Southeast Hotel Properties Ltd. Partnership*, No. 91 Civ. 6232, 1992 WL 131080, at *6 (S.D.N.Y. June 1, 1992). For example, in *Weisman*, the court rejected the defendant's request to stay the action, or to stay a decision on

---

[2] In its moving brief, Papst ignored this offer completely, and indicates incorrectly that Olympus opposed a stay outright. D.I. 16 at 3.

4

pending venue transfer and remand motions, until the MDL Panel ruled on its petition for consolidation. The court explained that such stays are "rarely . . . advisable," and that:

> "[i]f the Panel chooses to consolidate the actions it can do so just as easily whether I first consider the motion to transfer or whether I stay the proceedings. If the Panel chooses not to consolidate the related actions, I then will have to consider the motion; I might as well do so now when the case is before me."

*Id.* at *6 (internal citations omitted). Similarly, in *Jenkins v. H&R Block, Inc.*, the court explained that:

> "Such circumstance does not warrant a stay, however, because regardless of the MDL decision, it will not obviate the need to resolve the venue issue. In the event the MDL accepts the transfer, the actions will be transferred to the MDL solely for consolidated pretrial proceedings, upon the completion of which the cases will be returned to the transferring districts for trial. Accordingly, the transfer must be resolved, if not now, then later. Judicial economy favors resolving the issue now rather than later."

No. 4:06-CV-00365, 2006 WL 1408328, at *1 (E.D. Ark. May 17, 2006); *see also Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. March 12, 1996) (refusing to grant a stay pending MDL proceedings because "[j]udicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.").[3]

Papst has cited no authority to undermine this clear consensus. Papst cites only two cases for the proposition that a stay is warranted. D.I. 16 at 2-3 (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengessellschaft*, 48 F.Supp.2d 37 (D.D.C. 1999)). Neither of those cases involve pending §1404 transfer motions. This distinction is paramount because, as discussed below, unlike other pre-trial proceedings, a ruling on a § 1404 transfer motion will not conflict with any pretrial rulings, and any delay on such a ruling will be substantial and will create judicial inefficiencies

---

[3] *See also Avaya, Inc. v. Mitel Networks Corp.*, 460 F. Supp. 2d 690 (E.D. Va. 2006) (granting plaintiff's § 1404(a) motion to transfer counterclaims, even though defendant's motion to consolidate under § 1407 was pending); *In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. 2003) (pending § 1407 motion did not preclude district court from deciding whether to remand case); *see also Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F. 2d 844 (7th Cir. 2004) (holding that district court did not abuse discretion in deciding issues of jurisdiction during period when § 1407 transfer had not gone into effect.).

and prejudice to Olympus. Papst, on the other hand, has completely failed to set forth any legitimate reason to delay a ruling on Olympus's Motion to Transfer.

### B. A Ruling By This Court On Olympus's Motion To Transfer Now Would Present No Risk Of Inconsistent Rulings Or Duplicative Litigation.

Papst suggests that "it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." D.I. 16 at 2 (citing *Rivers*, 980 F. Supp. at 1362). That court, however, acknowledged (as do several others) that the "resol[ution of] fundamental jurisdictional issues such as proper venue" should not be stayed pending the disposition of a § 1407 MDL motion. *Rivers*, 980 F. Supp. at 1306. That is because, unlike the "monitor[ing] of discovery and approv[al of] a case management plan," (*id.*) the decision to transfer an action to its proper venue does not present the risk of inconsistent rulings or duplicative litigation, due to the jurisdictional limits placed on § 1407 transferee courts.

A transfer under § 1407 is for pretrial proceedings only and the transferee court *may not* itself order that the transfer become one for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). As a result, the transferee court cannot conduct a trial unless and until the case is remanded after pretrial proceedings have concluded and the original court returns the matter back to the transferee court for a trial. For this reason, if this Court were to rule on Olympus's motion to transfer, there would be no risk that the MDL transferee district would issue inconsistent rulings, because that court will be required to defer to this Court for all trial-related matters.

Papst also suggests that if a stay is not entered, this Court might "needlessly expend time and energy familiarizing itself with intricacies of this action." D.I. 16 at 3. However, Olympus only seeks a ruling on its Motion to Transfer, which will not require any familiarity with the intricacies of this action, and which this Court will eventually have to issue even if this matter is consolidated. Thus, a ruling now will not require much "energy," and certainly will not be "needless."

6

### C. If The Court Grants A Stay Before Deciding Olympus's Motion, The Trial Venue Could Be Unknown For Years, Causing Undue Delays And Prejudice.

Papst suggests, incorrectly, that a stay of this action would last only "a few weeks." D.I. 16 at 2. As Papst is well-aware, once a § 1407 transfer has been made, the court in which the matter was originally filed is divested of jurisdiction, and may not decide motions pending before it and undecided at the time the transfer is made. *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495-96 (J.P.M.L. 1968). Thus, because a transfer under § 1407 is for pretrial proceedings only and the transferee court may not itself order that the transfer become one for trial, (*Lexecon Inc.*, 523 U.S. 26), if this Court stays proceedings and refuses to rule on Olympus's motion to transfer, the trial venue for this case will not be determined until all pretrial proceedings have concluded and the matter is returned to this Court, which could take years, not weeks.

It would prejudice Olympus greatly, and cause an unnecessary level of uncertainty, if the parties are forced to litigate pretrial matters without a determination about where the case will be tried. A party's knowledge of the trial venue, the trial judge, the jury pool and the other trial participants is undeniably a vital part of orchestrating pre-trial proceedings. If Olympus knows that it will be trying this case in D.C. and that Casio is its co-defendant, it can begin to coordinate its efforts with Casio in preparing for trial, and assure that it will be consistent with the D.C. trial judge's preferences and the D.C. Local Rules.

### D. The MDL Panel's Decision Will Be More Informed If The Stay Is Denied And The Court Rules On Olympus's Motion To Transfer.

The MDL Panel could benefit greatly from a determination by this Court as to whether Papst's suit against Olympus should be tried here in Delaware, or whether it belongs more appropriately in the District of Columbia. Either way, the Panel's decision about where to transfer consolidated proceedings will be more informed if it knows whether this suit will be tried in the District of Columbia. *See, e.g., id.* (pointing out that a determination of the proper venue prior to the MDL ruling "will facilitate litigation in the appropriate forum.").

7

### E. Stays In The Illinois And D.C. Actions Are Irrelevant To Olympus's Motion Because Those Actions May Have Presented The Risk Of Inconsistent Rulings And Duplicative Litigation.

Papst argues that the actions against Fujifilm in the Northern District of Illinois and against Casio in the District of Columbia have both been stayed, and that this matter should therefore be stayed as well. D.I. 16 at 1-2. However, those two districts are both candidates to be transferee districts pursuant to Papst's § 1407 motion. The Northern District of Illinois is where Papst hopes the consolidation will take place. The District of Columbia is where most of the other parties hope the consolidated action will be transferred for pretrial proceedings, and in which several discovery-related motions were pending prior to the issuance of the stay. As a result, had stays not been issued in those actions, there would have been a real risk that i) the Courts could have made rulings that encroach the procedural jurisdiction of the § 1407 transferee court, and/or ii) those actions could have advanced too far to make their consolidation practical.

As for the District of Delaware, Papst never really intended to litigate this suit here, and Olympus only seeks a ruling on its motion to transfer to the District of Columbia before any stay is imposed. None of the risks applicable to the stays in the other districts is implicated here. And the existence of the stays in the other cases does nothing to support indefinitely delaying a ruling on Olympus's motion to transfer.

## IV.  CONCLUSION

The sole issue of Papst's motion is whether Olympus should or should not have to wait, possibly for years, for a ruling on Olympus's fully briefed transfer motion. There is no constructive reason to delay such a ruling, and many reasons to rule now, including avoiding the great prejudice that Olympus will suffer if it has to wait until the trial of this case is imminent to know where the trial will be. Indeed, the only purpose of a stay now is to further Papst's goal of preserving the false impression that the litigation of its patents is a national dispute being fought in multiple districts around the country. Accordingly, and for the reasons set forth above, Olympus respectfully requests that the Court deny Papst's motion to stay these proceedings.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600

Dated: September 7, 2007
817660 / 32031

By: /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants*
*Olympus Corporation and*
*Olympus Imaging America, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on September 7, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 7, 2007, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>lmaguire@ashby-geddes.com | Jerold B. Schnayer<br>John L. Ambrogi<br>Welsh & Katz, Ltd.<br>120 South Riverside Plaza, 22nd Floor<br>Chicago, Illinois 60606<br>jbschnayer@welshkatz.com<br>jambrogi@welshkatz.com |

/s/ *Kenneth L. Dorsney*
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

810412 / 32031