## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PAPST LICENSING GMBH & CO. KG, )
                               )
          Plaintiff, )
                               )
         v. )   C.A. No. 07-415-***
                               )
OLYMPUS CORPORATION; OLYMPUS )   **JURY TRIAL DEMANDED**
IMAGING AMERICA, INC., )
                               )
         Defendants. )

### OLYMPUS DEFENDANTS' ANSWER, DEFENSES, AND
### COUNTERCLAIMS TO PAPST'S COMPLAINT

Defendants Olympus Corporation and Olympus Imaging America, Inc. ("Olympus")
respond to the Complaint For Patent Infringement filed by plaintiff Papst Licensing GmbH & Co.
KG ("Papst"), with the following Answer, Defenses, and Counterclaims:

### GENERAL DENIAL

Unless specifically admitted below, Olympus denies each and every allegation set forth
in the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

1.     Olympus admits the allegations in paragraph 1 of the Complaint.

2.     Olympus admits the allegations in paragraph 2 of the Complaint.

3.     Olympus lacks knowledge or information sufficient to form a belief as to whether
Papst is "a company existing under the laws of The Federal Republic of Germany with its
principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany."

4.     Olympus denies the allegations in paragraph 4 of the Complaint.

5.     Olympus admits the allegations in paragraph 5 of the Complaint.

6.     Olympus admits the allegations in paragraph 6 of the Complaint.

## RESPONSE TO FACTS GIVING RISE TO THIS ACTION

7.    Olympus denies the allegations in the first sentence of paragraph 7 of the Complaint. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.    Olympus admits that United States Patent No. 6,470,399 B1 ("the '399 patent") was issued on October 22, 2002, but denies any further characterization of the '399 patent. Olympus lacks knowledge or information sufficient to form a belief as to whether the '399 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

9.    Olympus admits that United States Patent No. 6,895,449 B2 ("the '449 patent") was issued on May 17, 2005, but denies any further characterization of the '449 patent. Olympus lacks knowledge or information sufficient to form a belief as to whether the '449 patent is duly and legally issued as alleged in paragraph 8 of the Complaint and therefore denies those allegations.

10.    Olympus denies the allegations in paragraph 10 of the Complaint.

11.    Olympus denies the allegations in paragraph 11 of the Complaint.

12.    Olympus denies the allegations in paragraph 12 of the Complaint.

13.    Olympus admits that Olympus Corporation received letters from Papst asserting patent infringement, but denies any further characterization of these letters.

14.    Olympus denies the allegations in paragraph 14 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Olympus admits that Papst has demanded a jury trial.

## RESPONSE TO PLAINTIFF'S REQUESTED RELIEF

Olympus denies that Papst is entitled to any relief whatsoever against Olympus in this action, either as requested in its Complaint or otherwise.

## OLYMPUS'S DEFENSES

Further answering Papst's Complaint, Olympus alleges the following defenses:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Olympus does not infringe and has not infringed any claim of the '399 and/or '499 patents (collectively, the "patents-in-suit"), either literally or under the doctrine of equivalents, by direct, contributory or induced infringement.

3.      The claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.      Papst is estopped from construing the claims of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by Olympus because of admissions, amendments, and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suits, disclosure or language in the specification of the patents-in-suits, and/or limitations in the claims of the patents-in-suits.

5.      The relief sought by Papst is barred in whole or in part by the doctrine of laches.

6.      Papst's claim for damages is statutorily limited by 35 U.S.C.  §§ 286 and/or 287.

## OLYMPUS'S COUNTERCLAIMS AND JURY DEMAND

Defendants Olympus Corporation and Olympus Imaging America, Inc. ("Olympus") bring this counterclaim against Papst Licensing GmbH & Co, KG ("Papst") for a declaration that Olympus's products do not infringe two patents purportedly owned by Papst and that those two patents are invalid.

### Parties

1.      Defendant Olympus Corporation is a Japanese corporation with its principal place of business at 2-43-2 Hatagaya, Shibuya-ku, Tokyo 151-0072, Japan.

2.      Defendant Olympus Imaging America, Inc. is a Delaware corporation with its principal place of business at 3500 Corporate Parkway, Center Valley, PA 18034.

3.      Olympus manufactures and sells a wide range of consumer electronics products, including digital cameras.

4.      Papst has held itself out to be a company existing under the laws of The Federal Republic of Germany with its principal place of business at Bahnhofstrasse 33, 78112 St. Georgen, Germany.

5.      Upon information and belief, Papst does not manufacture or sell any consumer products. Its sole business is to acquire and attempt to license or enforce intellectual property rights.

### Patents-in-Suit

6.      Papst has held itself out to be the owner of United States Patent No. 6,470,399 B1 ("the '399 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on October 22, 2002.

7.      Papst has also held itself out to be the owner of United States Patent No. 6,895,449 B2 ("the '449 patent"), entitled "Flexible Interface for Communication Between a Host and an Analog I/O Device Connected to the Interface Regardless the Type of the I/O Device," which was issued on May 17, 2005.

8.      Papst is prosecuting continuations and divisional applications of the '399 and the '449 patents with the United States Patent and Trademark Office, including pending application Nos. 11/467,073 and 11/467,092.

9.    Papst told Olympus that if Olympus does not license the '399 and the '449 patents, Papst would sue Olympus for infringing those patents and subject Olympus to costly patent litigation that will cause significant injury to Olympus's business and reputation.  Papst made these threats without conducting an appropriate analysis of Olympus's digital camera products it accuses of infringement and with knowledge that those products do not infringe the '399 and the '449 patents.

10.    Papst has accused Olympus digital camera products of infringing the '399 patent and the '449 patent.  In a letter dated April 20, 2006,  Papst repeated its accusations of infringement.

11.    Olympus explained to Papst in detail on several different occasions why Olympus's products do not infringe the '399 patent or the '449 patent, including, without limitation, during a meeting on November 2, 2006.

12.    Notwithstanding the evidence that Olympus's products do not infringe the '399 patent or '449 patent, Papst continued to demand that Olympus pay Papst royalties for use of the '399 and '449 patents.

13.    Olympus refused to take a license to these patents on the ground that no such license is needed, because Olympus's digital cameras do not infringe the '399 and '449 patents.

## Jurisdiction and Venue

14.    This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.  See 28 U.S.C. §§ 2201 and 2202; Title 35 U.S.C. §§ 100 *et seq.*

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

16.    This Court has personal jurisdiction over Papst by virtue of Papst 's filing of the Complaint in this matter.

17.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391(c) and (d).

18.     An actual and justiciable controversy exists between Olympus, on the one hand, and Papst, on the other hand, concerning Papst's claims of infringement of the '399 and the '449 patents and concerning whether those patents are valid.

## Count I
### (Declaratory Judgment of non-infringement and invalidity of the '399 patent)

19.     Olympus re-alleges and incorporates by reference its allegations in paragraphs 1 through 18 above as if fully set forth herein.

20.     Olympus has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '399 patent, nor is Olympus, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '399 patent.

21.     The '399 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq*., including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.     An actual and justiciable controversy exists between Olympus and Papst regarding the alleged infringement and validity of the '399 patent by virtue of the allegations made by Papst that Olympus and/or its customers are or have been infringing the '399 patent.

23.     This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Olympus to an award of its attorneys' fees.

<u>Count II</u>
**(Declaratory Judgment of non-infringement and invalidity of the '449 patent)**

24.    Olympus re-alleges and incorporates by reference its allegations in paragraphs 1 through 23 above as if fully set forth herein.

25.    Olympus has not directly infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '449 patent, nor is Olympus, either literally or under the doctrine of equivalents, directly infringing, contributing to direct infringement of, or inducing infringement of any valid claim of the '449 patent.

26.    The '449 patent is invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

27.    An actual and justiciable controversy exists between Olympus and Papst regarding the alleged infringement and validity of the '449 patent by virtue of the allegations made by Papst that Olympus and/or its customers are or have been infringing the '449 patent.

28.    This case is an exceptional case pursuant to 35 U.S.C. § 285, entitling Olympus to an award of its attorneys' fees.

29.    Olympus expressly reserves the right to amend these Counterclaims to add declaratory judgment counts with respect to any continuation or divisional applications relating to the '399 and '449 patents that may issue after the date these Counterclaims are filed.

**<u>Prayer for relief</u>**

WHEREFORE, Olympus prays this Court for the following relief:

1.    A declaration that Olympus has not infringed, and is not infringing, the '399 or '449 patents;

2.      A declaration that Olympus has not infringed, and is not infringing, any of the claims of any continuation or divisional application relating to the '399 and '449 patents that may hereafter issue;

3.      A declaration that each of the claims of the '399 and '449 patents is invalid;

4.      An injunction prohibiting Papst from alleging infringement of the '399 and '449 patents by Olympus and its customers;

5.      An award of damages that Olympus has sustained;

6.      A declaration that this case is exceptional under 35 U.S.C. § 285, and Olympus should be awarded its reasonable attorneys' fees, costs, and expenses incurred in connection with this action; and

7.      Such other further relief as the Court deems just and proper.

### Jury Demand

Defendants Olympus Corporation and Olympus Imaging America, Inc. demands a jury trial on all issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Richard de Bodo
David H. Ben-Meir
HOGAN & HARTSON LLP
1900 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
Tel: (310) 785-4600


Dated: September 17, 2007
819239 / 32031

By:    _/s/ Richard L. Horwitz_
        Richard L. Horwitz (#2246)
        Kenneth L. Dorsney (#3726)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P. O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        rhorwitz@potteranderson.com
        kdorsney@potteranderson.com

_Attorneys for Defendants Olympus Corporation
and Olympus Imaging America, Inc._

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 17, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 17, 2007, I have Electronically Mailed the document to the following person(s):

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

Jerold B. Schnayer
John L. Ambrogi
Welsh & Katz, Ltd.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
jbschnayer@welshkatz.com
jambrogi@welshkatz.com

/s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

810412 / 32031