IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAPST LICENSING GMBH & CO. KG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-415-*** |
| | ) | |
| OLYMPUS CORPORATION, OLYMPUS IMAGING AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PAPST'S REPLY IN SUPPORT OF ITS MOTION TO STAY
PENDING THE MDL PANEL'S DETERMINATION ON CONSOLIDATION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for
Papst Licensing GmbH & Co. Kg*

*Of Counsel:*

Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Dated: September 19, 2007
184265.1

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………………..i

TABLE OF AUTHORITIES………………………………………………………………...…ii

I.   A More Informed Decision Could Be Made on a Motion to Transfer After Any MDL Proceedings………………………………………………………………………………1

II.  There is No Substance to the Alleged Prejudice of Which Olympus Complains If Its Motion to Transfer Is Not Decided Immediately……..…………………………………..2

III. The Circumstances n This Matter Are Distinguishable From the Cases on Which Olympus Relies…………………………………………………………………............3

IV.  Conclusion..……………………………………………………………………….……4

# TABLE OF AUTHORITIES

## CASES

*Avaya, Inc. v. Mitel Networks Corp.*,
  460 F.Supp.2d 690 (E.D.Va. 2006), ................................................................. 3

*In re Consolidated Fen-Phen Cases*,
  2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003) ................................................. 3

*Villarreal v. Chrysler Corp.*,
  1996 WL 116832 (N.D.Calif. Mar. 12, 1996) ................................................... 3

*Weisman v. Southeast Hotel Properties Ltd. Partnership*,
  1992 WL 131080 (S.D.N.Y. Jun. 1, 1992) ........................................................ 3

## STATUTES

28 U.S.C §1404 ............................................................................................... 1, 3

28 U.S.C. §1407 ........................................................................................... 1, 3, 4

Papst moved to stay this action pending the MDL Panel's determination of whether to consolidate this action with several other actions for pre-trial proceedings pursuant to 28 U.S.C. §1407. The MDL Panel will conduct a hearing of this matter on September 27, 2007. *See* Ex. 1. Olympus opposes this motion as it applies to consideration of Olympus' own motion to transfer this action to the District of Columbia under 28 U.S.C. §1404.

### I. A More Informed Decision Could Be Made on a Motion to Transfer After Any MDL Proceedings

Olympus urges this Court to rush to a decision on Olympus' motion to transfer to a district in which none of the parties has any presence. It urges this Court to rush to a decision on a motion to transfer under §1404 for the convenience of the parties and the witnesses, before a single witness has been identified, and before the location and expected testimony of any witness is known. A more informed decision could be made on Olympus' motion to transfer after discovery of this relevant information.

Olympus argues that the decision should be made immediately to facilitate consolidation for trial with parallel actions in the District of Columbia. (*See* Olympus answering brief (D.I. 20)). However, as explained in Papst's opening brief, most of the parallel actions will be tried in the Northern District of Illinois and only one will be tried in the District of Columbia. In any event, there would be no urgency to decide Olympus' motion to transfer, if such potential consolidation for trial were really the purpose of the motion. During any MDL proceedings that are ordered, some actions may settle and others may be resolved by summary judgment. Therefore, a more informed decision could be made on Olympus' motion to transfer, after it became known which actions actually were going to trial, and in which districts, after remand back to the transferor

courts from any MDL proceedings. At that time, it also would be known if there were still any common issues to be resolved that might justify consolidation for trial.

## II. There is No Substance to the Alleged Prejudice of Which Olympus Complains If Its Motion to Transfer Is Not Decided Immediately

Olympus argues that it will be prejudiced if it does not know immediately with certainty "the trial venue, the trial judge, the jury pool and the other trial participants." (Olympus brief at 7). However, Olympus speaks in generalities without ever stating specifically what difference it makes during discovery whether it knows these matters with certainty.

Furthermore, Olympus never identifies any difference between the jury pool in Delaware and the jury pool in the District of Columbia. Obviously, individual jurors cannot be known in advance. Even the judge assignment can change. Currently, this action is assigned to the vacant judicial position. If this action were transferred to the District of Columbia, it is not known whether it would be consolidated with the *Casio v. Papst* action, or whether Judge Kessler who is in senior status would still be the judge for that action. As some actions are resolved during MDL proceedings, it also cannot be known which actions would be remanded back from MDL proceedings or whether they would be remanded back at the same time. In short, there is no substance to the alleged prejudice of which Olympus complains if a decision on its motion to transfer is not decided immediately.

If Olympus' concern were truly that it know the trial venue with certainty, then it simply would withdraw its motion. It could proceed confidently knowing that the trial of this action will occur in this District where the action was brought.

2

### III. The Circumstances in This Matter Are Distinguishable From the Cases on Which Olympus Relies

Most of the cases on which Olympus relies did not involve a request to transfer under §1404 while awaiting a decision of the MDL Panel, but rather whether to decide a motion to remand back to state court. In those cases, the court's priority was to decide whether there was federal subject matter jurisdiction. *See, e.g., In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. Nov. 12, 2003); *Villarreal v. Chrysler Corp.*, 1996 WL 116832 (N.D.Calif. Mar. 12, 1996); *Weisman v. Southeast Hotel Properties Ltd. Partnership*, 1992 WL 131080 (S.D.N.Y. Jun. 1, 1992). In *Weisman*, the plaintiff sought a remand to state court, and the defendant sought a stay or, in the alternative, a transfer under §1404. The court denied the stay in order to address the subject matter jurisdiction issue raised by the motion to remand, which it denied. It then considered and granted the §1404 motion stating that "[because] the issues raised by the motion to transfer are similar to those raised by the motion to… remand, it is in the interest of judicial economy to resolve all pending motions at once." *Id.* at *6. That is, it considered the motion to transfer only because it already had studied the issues involved in order to decide whether there was federal subject matter jurisdiction. There is no question about subject matter jurisdiction in the captioned action, so the priorities driving most of the cases on which Olympus relies are not present in this action.

Olympus also relies on *Avaya, Inc. v. Mitel Networks Corp.*, 460 F.Supp.2d 690 (E.D.Va. 2006), mischaracterizing it as granting a §1404 motion "even though defendant's motion to consolidate under §1407 was pending." (Olympus brief at 5 n.3). In fact, the *Avaya* court does not say anything about a motion to consolidate under §1407 or a motion to stay. *Avaya* simply concerned a transfer of counterclaims to another

3

district where another action was pending between the same two parties, and where the transferred counterclaims were compulsory counterclaims in that other action. *Id.* at 690-92.

## IV. Conclusion

In summary, Olympus has not presented any good reason why this Court should rush to a decision on whether to transfer this action to a district in which none of the parties has any presence, instead of waiting for the MDL Panel decision on consolidation under §1407. The circumstances here are distinguishable from the cases on which Olympus relies. There is no substance to the alleged prejudice of which Olympus complains if a decision on its motion to transfer is not decided immediately. Any decision on Olympus' motion to transfer would be better informed after any MDL proceedings. At that time, the identities and locations of witnesses will be known, and it will be known whether and where other actions may be going to trial and whether there still are common issues to be resolved that might justify consolidation for trial.

For the foregoing reasons and those in Papst's initial brief, Papst requests that the Court stay all proceedings in this action, including Olympus' motion to transfer, pending a determination by the MDL Panel of whether to consolidate this action with several other actions for pre-trial proceedings.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for*
*Papst Licensing GmbH & Co. Kg*

*Of Counsel:*

Jerold B. Schnayer
John L. Ambrogi
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Dated: September 19, 2007
184265.1

# EXHIBIT 1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

August 15, 2007

**COPY DISTRIBUTED**

NOTICE OF HEARING SESSION

**SCANNED**

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:    September 27, 2007

LOCATION OF HEARING SESSION:    Daniel Patrick Moynihan U.S. Courthouse
Ceremonial Courtroom #9C, 9th Floor
500 Pearl Street
New York, New York  10007



TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **September 10, 2007**. Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

cc: Clerk, U.S. District Court for the Southern District of New York

Schedule of Matters for Hearing Session, Section A     p. 8
New York, New York

MDL No. 1879 (Continued)

<u>Eastern District of Pennsylvania</u>

Raymond D. Buckwalter v. Sterling Financial Corp., et al., C.A. No. 2:07-2171
Kevin Simpson v. Sterling Financial Corp., et al., C.A. No. 2:07-2497
Paul A. Miller, et al. v. Sterling Financial Corp., et al., C.A. No. 2:07-2694

MDL No. 1880 -- **IN RE: PAPST LICENSING DIGITAL CAMERA PATENT LITIGATION**

Motion of Papst Licensing GmbH & Co. KG for centralization of the following actions in the United States District Court for the Northern District of Illinois:

<u>Central District of California</u>

Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al., C.A. No. 2:07-4249

<u>District of District of Columbia</u>

Casio, Inc. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:06-1751
Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118

<u>District of Delaware</u>

Papst Licensing GmbH & Co. KG v. Olympus Corp., et al., C.A. No. 1:07-415

<u>Northern District of Illinois</u>

Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al., C.A. No. 1:07-3401