

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

October 15, 2007

**VIA ELECTRONIC FILING**

The Honorable Mary Pat Thynge
U.S. District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

      Re:  *Papst Licensing GMBH & Co. KG v. Olympus Corporation et al.*
           *C.A. No. 07-415 (\*\*\*)*

Dear Magistrate Thynge:

      I write on behalf of all parties in response to the Court's October 1, 2007 Order setting a Rule 16 scheduling teleconference and ordering the submission of the parties' proposed pretrial and trial schedule.  The parties respectfully request that the Court not conduct the Rule 16 conference until the venue in which pretrial proceedings will take place has been determined.  As it is likely that this action will be transferred under 28 U.S.C. §1407 to a Multidistrict Litigation ("MDL") transferee court for pretrial proceedings, it would not be efficient for counsel and for this Court to devote time to a schedule, a protocol for e-discovery, and a protective order that are likely to change in the MDL transferee court.

      On July 9, 2007, plaintiff Papst Licensing GMBH & Co. KG ("Papst") filed a motion pursuant to § 1407 with the MDL Panel to transfer and consolidate for pretrial purposes to the Northern District of Illinois this suit with several other related suits involving Papst's patents.  On September 27, 2007, the MDL Panel heard oral argument on that motion.  The parties opposing Papst in the related suits, including Olympus Corporation and Olympus Imaging America, Inc. (collectively "Olympus"), agreed to consolidation, but argued that the District of Columbia should be the transferee Court.  Accordingly, the parties anticipate that in the coming weeks this case will be transferred and consolidated for pretrial purposes, to Illinois, Washington, D.C. or elsewhere.

      Because pretrial proceedings will likely take place in another Court, and because the parties cannot at this time predict when the case will be ready for trial, the parties agree that a scheduling order should not be entered, and that there is no need for a Rule 16 conference, at this time.  However, even if this request is granted, if the Court so desires, counsel will make themselves available at any time – including at the time now scheduled for the Rule 16 teleconference – to discuss any open matters the Court wishes to address, including Papst's

The Honorable Mary Pat Thynge
October 15, 2007
Page 2


motion to stay and Olympus's motion to transfer this case to Washington , D.C. for all purposes. Both motions are fully briefed. In addition, Olympus recently moved the MDL Panel for a short delay of its consolidation ruling pending this Court's disposition of Olympus's transfer motion, and Papst will file a timely opposition to that motion.

Respectfully submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz


825548 / 32031

cc:   Clerk of the Court (via hand delivery)
      Steven J. Balick (via electronic mail)
      Jerold B. Schnayer (via electronic mail)