# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 8, 2007

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:   *Papst Licensing GmbH & Co., KG v. Olympus Corporation, et al.,*
      C.A. 07-415-***

Dear Judge Thynge:

I am writing on behalf of the plaintiff ("Papst") in the above action, in which Your Honor may recall conducting a status teleconference (originally to have been a Rule 16 conference) on October 24, 2007. Papst explained that in July 2007 it had asked the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to consolidate this action and several other cases involving the same two patents, and that a decision on that request was expected in the near future. Defendants requested that Your Honor nonetheless rule on their pending transfer motion without awaiting action by the MDL Panel.

Papst has received notice that the MDL Panel has granted consolidation, and has ordered the transfer of the affected cases to the District of Columbia for coordinated and consolidated pretrial proceedings. A copy of the MDL Panel's November 5, 2007 order (the "Order") is attached. Since the Order divests this Court of jurisdiction to rule on any pending motions or other matters until such time as a remand may occur, *In re Upjohn Company Antibiotic*, 508 F.Supp. 1020, 1021 (E.D.Mich. 1981); *Glasstech, Inc. v. Ab Kyro Oy*, 769 F.2d 1574, 1576 (Fed.Cir. 1985), we wanted to bring it to the Court's attention so that Your Honor does not needlessly expend further time on any pending issue in this action.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick

SJB/rbg
Attachment
185687.1

The Honorable Mary Pat Thynge
November 8, 2007
Page 2


cc:   Richard L. Horwitz, Esquire (by hand and via electronic mail; w/attachment)
      Richard de Bodo, Esquire (via electronic mail; w/attachment)
      Jerold B. Schnayer, Esquire (via electronic mail; w/attachment)

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

10:43 am, Nov 05, 2007

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION

MDL No. 1880

TRANSFER ORDER

**Before the entire Panel:** Common party Papst Licensing GmbH & Co. KG (Papst) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of Illinois. This litigation currently consists of five actions listed on Schedule A, two actions in the District of District of Columbia and an action each in the District of Delaware, the Northern District of Illinois, and District of New Jersey.[1] No responding party[2] opposes centralization; however, all responding parties suggest centralization in the District of District of Columbia.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual allegations regarding digital cameras made by certain manufacturers, which Papst claims infringe two of its patents; the validity and enforceability of these patents is at issue in all five actions. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum in this docket. The first-filed action (*Casio*) has been pending in the District of District of Columbia for about a year, and discovery has progressed further in *Casio* than in any other action. In addition, a transferee forum on the east coast such as the District of District of Columbia provides a geographically convenient forum, inasmuch as several of the alleged infringers operate their businesses from this region.

---

[1] This action was originally filed in the Central District of California but was transferred, pursuant to 28 U.S.C. § 1404, to the District of New Jersey after the Panel's hearing of this matter.

[2] Casio, Inc.; Casio Computer Co., Ltd.; Fujifilm Corp.; Fujifilm USA, Inc.; Matsushita Electric Industrial Co., Ltd.; Olympus Corp.; Olympus Imaging America, Inc.; Samsung Opto-Electronics America, Inc.; Samsung Techwin Co.; and Victor Co. of Japan, Ltd.

EXHIBIT A

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable Rosemary M. Collyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica

EXHIBIT A

IN RE: PAPST LICENSING DIGITAL CAMERA
PATENT LITIGATION                                    MDL No. 1880

## SCHEDULE A

<u>District of District of Columbia</u>

Casio, Inc. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:06-1751
Fujifilm Corp., et al. v. Papst Licensing GmbH & Co. KG, C.A. No. 1:07-1118

<u>District of Delaware</u>

Papst Licensing GmbH & Co. KG v. Olympus Corp., et al., C.A. No. 1:07-415

<u>Northern District of Illinois</u>

Papst Licensing GmbH & Co. KG v. Fujifilm Corp., et al., C.A. No. 1:07-3401

<u>District of New Jersey</u>

Papst Licensing GmbH & Co. KG v. Samsung Techwin Co., et al., C.A. No. 2:07-4940

EXHIBIT A